■ LOUIS SOLOMON et al., Doing Business as GLOBE SPORTS PRODUCT, et al., Appellants, v CONSOLIDATED RESISTANCE CO. OF AMERICA, INC., Respondent. — In an action to recover for property damage, plaintiffs appeal from an order of the Supreme Court, Westchester County (Ferraro, J.), dated July 16, 1982, which directed "the controversies in this action to proceed to arbitration".

Order affirmed, with costs. Plaintiffs' insurer instituted this action pursuant to CPLR 1004 which authorizes suit in the name of an insured party who has executed a subrogation receipt or similar agreement in favor of his insurer. Defendant thereafter obtained an order directing that the controversy be submitted to arbitration as per the agreement to arbitrate between defendant and the named plaintiffs. On appeal, plaintiffs' insurer argues that it cannot be compelled to proceed to arbitration since it was neither a party to nor a signatory of the arbitration agreement. We disagree. A subrogee acquires all of the rights, defenses and remedies of the subrogor and is subject to any defenses or claims which may be raised against the subrogor (see *United States Fid. & Guar. Co. v Smith Co.,* 46 NY2d 498, 504). Thus, a subrogee may not acquire any greater rights than the subrogor (*State Bank of Albany v Dan-Bar Constr. Co.,* 12 AD2d 416, affd 12 NY2d 804; *Matter of New Amsterdam Cas. Co. v McMahon,* 196 Misc 746). The rights of plaintiffs' insurer as subrogee must therefore be determined with reference to the rights of the named plaintiffs, and if the named plaintiffs would be required to submit the controversy to arbitration, then plaintiffs' insurer will be similarly bound. Since this action is based upon the rights and duties created in the parties' lease agreement, we hold that this is a dispute arising out of the lease and, pursuant to its terms, must proceed to arbitration (see *Matter of Paver & Wildfoerster [Catholic High School Assn.],* 38 NY2d 669, 676). Mollen, P. J., Damiani, Mangano and Gulotta, JJ., concur.