Chick Kam CHOO, et al., Appellants,

v.

EXXON CORPORATION, et al., Appellees.

No. A14–90–832–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 8, 1991.

Rehearing Overruled Sept. 12, 1991.

Gary M. Riebschlager, John O'Quinn, Houston, for appellants.

James Patrick Cooney, Craig V. Depew, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and SEARS and CANNON, JJ.

## OPINION

CANNON, Justice.

The widow and children of Leong Chong, a Singapore resident accidentally killed in that country while repairing a ship owned and operated by appellees, appeals from an order dismissing their claims against appellees on the basis of federal *forum non conveniens.* The trial court held that the state law of Texas is preempted by federal maritime law; however, the court did not determine whether it had jurisdiction to hear claims asserted by appellants under Singapore law by virtue of the "open courts" provision of the Texas Constitution, TEX.CONST. ART. I, § 13. We reverse and remand.

In 1977 Leong Chong, a resident of the Republic of Singapore, was accidentally killed in that country while repairing a ship owned by Esso Tankers, Inc., a subsidiary of Exxon Corporation, a Texas-based corporation. Chong's widow, Chick Kam Choo, also a resident of Singapore, brought suit in the U.S. district court for the Southern District of Texas, asserting claims under the Jones Act, 46 U.S.C.App. § 688, the Death on the High Seas Act (DOHSA), 46 U.S.C.App. § 761 *et seq.,* the general maritime law of the United States, and Texas wrongful death statutes.

In 1980, the federal district court granted summary judgment for appellees on the Jones Act claim because Chong was not a seaman, and on the DOHSA claim because the accident did not occur on the "high seas" but while the ship was in port. Appellees also moved for summary judgment on the claim involving the general maritime law of the United States, arguing that due to the lack of substantial contacts with the United States, the maritime law of Singapore, not that of the United States, governed. In addition, appellees sought a dismissal under the doctrine of *forum non conveniens* that the district court was not a convenient forum. *Gulf Oil Corp. v. Gilbert.,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947) (setting out criteria for determining whether a suit should be entertained). The federal district court dismissed the case on *forum non conveniens* grounds with the provision that appellees submit to the jurisdiction of Singapore courts. The Court of Appeals for the Fifth Circuit affirmed. *Chick Kam Choo v. Exxon Corp.,* 699 F.2d 693 (5th Cir.), *cert. denied,* 464 U.S. 826, 104 S.Ct. 98, 78 L.Ed.2d 103 (1983).

Next, Choo filed suit in Texas state court, asserting claims under Singapore law and Texas wrongful death statutes. Appellees removed the suit to federal district court, which permanently enjoined Choo and her attorneys from prosecuting or commencing any causes of action or claims against appellees in the courts of Texas or any other state arising out of or related to Chong's alleged wrongful death.

Choo appealed to the Fifth Circuit, arguing that the federal Anti–Injunction Act, 28 U.S.C. § 2283, prohibited the issuance of such an injunction. The Fifth Circuit rejected this argument, concluding that the injunction fell within the "relitigation" exception to the Act, which permits a federal court to issue an injunction "to protect or effectuate its judgments." The Fifth Circuit determined that, in a maritime context, the so-called "reverse-Erie" doctrine of uniformity, see, *e.g., Offshore Logistics, Inc. v. Tallentire,* 477 U.S. 207, 222–23, 106 S.Ct. 2485, 2494, 91 L.Ed.2d 174 (1986), required that a federal *forum non conveniens* determination preempts state law, therefore the injunction was proper.

In 1988, however, the U.S. Supreme Court dissolved the injunction, holding that the federal district court's 1980 order did not resolve the merits of Choo's Singapore law claim, therefore the injunction was overly broad in barring a state court from

considering Singapore law claims. *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 108 S.Ct. 1684, 100 L.Ed.2d 127 (1988). The court added that, because the validity of Choo's state law claim was adjudicated in the original federal action, an injunction could issue to prevent relitigation of Choo's state law issue in state court. The court expressed no opinion on whether "reverse-Erie" *requires* that a federal court's determination that it is not a convenient forum prevents a state court from deciding differently. However, it specifically held that federal *forum non conveniens* principles cannot determine whether Texas courts, operating under a broad "open courts" mandate, are an appropriate forum for the Singapore claim. *Id.* at 148–49, 108 S.Ct. at 1690–91.

Similarly, the Texas Supreme Court has since held that the statutory right to enforce a personal injury or wrongful death claim in Texas courts precludes a trial court from dismissing a claim on the ground of *forum non conveniens*. The court concluded that the legislature statutorily abolished the doctrine of *forum non conveniens* in suits concerning a death or injury that takes place out of state. *Dow Chemical Co. v. Alfaro*, 786 S.W.2d 674 (Tex.1990). As applied to the facts of the instant case, Texas law allows that:

(a) An action for damages for the death or personal injury of a citizen of … a foreign country may be enforced in the courts of this state, although the wrongful act, neglect, or default causing the death or injury takes place in a foreign state or country, if:

(1) a law of the foreign state or country … gives a right to maintain an action for damages for the death or injury;

(2) the action is begun in this state within the time provided by the laws of this state for beginning the action; and

(3) in the case of a citizen of a foreign country, the country has equal treaty rights with the United States on behalf of its citizens.

(b) All matters pertaining to procedure in the prosecution or maintenance of the action in the courts of this state are governed by the law of this state.

(c) The court shall apply the rules of substantive law that are appropriate under the facts of the case.

TEX.CIV.PRAC. & REM.CODE ANN. § 71.031 (Vernon 1986). We hold the trial court erred in dismissing Choo's Singapore law claim on the basis of federal *forum non conveniens* and its conclusion that the "open courts" provision in state law is preempted by federal maritime law. Choo's claim under federal maritime law was dismissed eleven years ago. Regarding Choo's only remaining claim—under Singapore law—the U.S. Supreme Court directed the trial court to apply a state *forum non conveniens* analysis to determine whether it is an appropriate forum for Choo's Singapore law claims. Following the holding of *Dow Chemical Co. v. Alfaro*, it is evident that a Texas state court is an appropriate forum to give Choo her day in court to litigate the Singapore law claim if she meets the requirements of the statute.

We reverse the judgment of the trial court and remand the cause for further proceedings consistent with our opinion.