Jerry Michael AUTIN, Appellant,

v.

DANIEL BRUCE MARINE,
INC., Appellee.

No. 09–93–095 CV.

Court of Appeals of Texas,
Beaumont.

Sept. 30, 1993.

Newton Schwartz, Houston, for appellant.

John Napolitano, Jr., Abbott & Meeks, Lafayette, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BURGESS, Justice.

Jerry Michael Autin filed this personal injury suit in state court under the Jones Act, 46 U.S.C.App. § 688, and under the general admiralty and maritime law of the United States. Defendant Daniel Bruce Marine, Inc., filed a special appearance which was overruled by the trial court and which is not subject to complaint by cross-point on appeal. Marine also filed a motion to dismiss based upon the federal doctrine of *forum non conveniens*. The trial court granted this motion and dismissed Autin's case. The sole point of error contends the doctrine of *forum non conveniens* may not be applied in a personal injury action brought in a Texas state court.

 Federal maritime law recognizes the doctrine of *forum non conveniens*. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). If the federal doctrine applies to this action, the trial court properly dismissed the case because Louisiana is certainly a more convenient forum than Texas. A Jones Act plaintiff may file his suit in state court pursuant to the federal "saving-to-suiters clause," 28 U.S.C. § 1333(1) (1966), but federal substantive law applies whether the case is brought in state or federal court. *Texaco Refining v. Estate of Dau Van Tran*, 808 S.W.2d 61 (Tex.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 301, 116 L.Ed.2d 245 (1991).

 The Texas Supreme Court has ruled that the doctrine of *forum non conveniens* has been statutorily abolished in Texas as to death and personal injury actions. *Dow Chemical Co. v. Castro Alfaro*, 786 S.W.2d 674 (Tex.1990), *cert. denied,* 498 U.S. 1024, 111 S.Ct. 671, 112 L.Ed.2d 663 (1991). *See* TEX.CIV.PRAC. & REM.CODE ANN. § 71.031 (Vernon 1986).[1] The question before us is whether a Texas court must apply rules of federal *forum non conveniens* in a Jones Act case, for if not, this state does not recognize the doctrine for personal injury cases filed before September 1, 1993.

The United States Supreme Court considered a case which presented a federal preemption argument in connection with a savings-clause maritime case, but declined to resolve the issue when it ruled that argument had to be presented to the state court. *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 108 S.Ct. 1684, 100 L.Ed.2d 127 (1988). The state court applied *Alfaro* and held that the plaintiff's Singapore law claim was properly brought in Texas. *Choo v. Exxon Corp.*, 821 S.W.2d 190 (Tex.App.—Houston [14th Dist.] 1991, writ granted). The federal maritime claim was dismissed in federal court litigation years before and barred from relitigation in state court due to a federal injunction. Thus, the *Choo* saga presents a similar situation but does not answer the question which lies at the heart of this appeal: Does federal *forum non conveniens* law pre-empt state *forum non conveniens* law in a *Jones Act* case pursued in state court?

The Fifth Circuit's *Choo* opinion held that federal *forum non conveniens* doctrine is a part of the federal substantive law that binds state courts under the "reverse-*Erie*" doctrine. *Exxon Corp. v. Chick Kam Choo*, 817 F.2d 307, 319–21 (5th Cir.1987), *rev'd,* 486 U.S. 140, 108 S.Ct. 1684, 100 L.Ed.2d 127 (1988). The author of the plurality panel opinion recognized that *Erie Railroad v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), does not bind federal courts to follow state *forum non conveniens* law in state-law diversity cases. *Choo,* 817 F.2d at 319; *see also, In re Air Crash Disaster Near New Orleans, LA,* 821 F.2d 1147 (5th Cir.1987), *vacated,* 490 U.S. 1032, 109 S.Ct. 1928, 104 L.Ed.2d 400 (1989). The court rejected the "facile syllogism" that if the state's doctrine is merely procedural then the same doctrine must be merely procedural in the federal context, referring to the effect of Texas law on Jones Act claims as "positively irrational." *Choo,* 817 F.2d at 321. The primary rationale for the distinction seems to be that federal interest in maritime law is too important to let individual states

---

1. No doubt in response to *Alfaro*, the Texas Legislature has provided a *forum non conveniens* procedure for cases filed after September 1, 1993. Act of February 23, 1993, 73rd Leg., R.S., ch. 4, 1993 Tex.Sess. Law Serv. 11 (Vernon) (to be codified as TEX.CIV.PRAC. & REM.CODE ANN. § 71.-051).

decide if they will entertain a particular maritime case on its docket. Why should the Fifth Circuit care that the State of Texas permits litigation of maritime cases which do not originate on its shore? The resulting flooded dockets would not affect the federal courts and the tide would no doubt be quickly stemmed by the Legislature. The decision to accept inconvenient, or even inappropriate, litigation is not an issue of substantive law but a matter of procedure.

The State of Louisiana has rejected the application of federal *forum non conveniens* law in maritime cases filed in state court. *Markzannes v. Bermuda Star Line, Inc.*, 545 So.2d 537 (La.1989), *cert. denied*, 493 U.S. 1043, 110 S.Ct. 837, 107 L.Ed.2d 832 (1990). The Fifth Circuit shows no more pleasure with Louisiana than with Texas. *See Ikospentakis v. Thalassic Steamship Agency*, 915 F.2d 176 (5th Cir.1990). Ikospentakis sought to avoid the foreign defendant's *forum non conveniens* motion by obtaining a dismissal without prejudice in the federal district court, so that he could refile in Louisiana state court. The Fifth Circuit ruled the court's dismissal had the effect of stripping the defendant of its perfectly meritorious *forum non conveniens* defense. Thus this panel of the Fifth Circuit recognized that the *state* rule of *forum non conveniens* applies in savings-clause cases, while simultaneously endorsing its holding in *Chick Kam Choo*, stating: "At some point, Louisiana must bend to the federal courts' construction of federal law." *Id.* at 180.

■ We look to the federal courts for guidance in determining the appropriate federal rule or decision, but as our high court has reminded us, we are obligated to follow only the higher Texas courts and the United States Supreme Court. *Penrod Drilling Corp. v. Williams*, 36 Tex.Sup.Ct.J. 1003, 1993 WL 209174 (June 16, 1993). The Fifth Circuit has ruled that the federal doctrine of *forum non conveniens* is a matter of substantive law, but the Supreme Court has declined to rule upon the matter. The United States Supreme Court officially recognized the federal doctrine of *forum non conveniens* in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). *Gulf Oil* balanced both public and private pre-trial and trial concerns. There is nothing "maritime" about it; the issue is purely one of court administration and fairness to the litigants.

The issue before us does implicate the distribution of power between the state and federal courts. Regardless of the effect the doctrine has on the outcome of this particular suit, court administration is best left to the trial court. The policy determinations which establish the rules and principles the trial court must follow are best left to the Texas Supreme Court and the Texas Legislature, not the Fifth Circuit. The disposition of this case cannot really affect the federal maritime law, because the application of the substantive federal law will be the same wherever the case is ultimately tried, the only difference being that the State of Texas is bound to be inconvenienced, at least temporarily, with some litigation which in the future must be filed in Louisiana.

■ We hold the state law of *forum non conveniens* applies to Jones Act cases filed in state court. Texas does not recognize the doctrine in personal injury actions filed before September 1, 1993. Therefore, the trial court erred in dismissing the case on grounds of *forum non conveniens*. Point of error one is sustained. We reverse and remand the judgment of the trial court.

REVERSED AND REMANDED.