**EXXON CORPORATION et al., Petitioners,**

**v.**

**Chick Kam CHOO et al., Respondents.**

**No. D–1693.**

Supreme Court of Texas.

June 8, 1994.

Rehearing Overruled Sept. 8, 1994.

James Patrick Cooney and Craig V. Depew, Houston, for petitioners.

John M. O'Quinn, Gary M. Riebschlager, and Kendall C. Montgomery, Houston, for respondents.

ON APPLICATION FOR WRIT OF ERROR TO THE COURT OF APPEALS FOR THE FOURTEENTH DISTRICT OF TEXAS

Justice HIGHTOWER delivered the opinion of the Court, in which all Justices join.

We grant Respondents' motion for rehearing, withdraw our prior opinions and judgment, and substitute the following in its place.

Leong Chong, a Singapore resident employed in Singapore, was killed while working on board a berthed tanker. Chong's widow, Chick Kam Choo,[1] sued Exxon Corporation and others in Texas state district court. Exxon Corporation and Esso Tankers, Inc. filed a motion to dismiss based upon the federal maritime law doctrine of *forum non conveniens*.[2] The trial court granted the motion to dismiss "because the state law of Texas is preempted by federal maritime law and this case should be dismissed on the basis of *forum non conveniens*." The court of appeals reversed and remanded. 821 S.W.2d 190. We hold that the federal maritime doctrine of *forum non conveniens* does not preempt the application of Texas "*forum non conveniens* law." For the reasons explained herein, we affirm the judgment of the court of appeals.

**1.** Mrs. Choo sued individually and as administratrix and/or representative of the Estate of Leong Chong, deceased, and as next friend of Leong Choy Wan, Leong Choy Hur, Leong Choy Fong and Leong Choy Tan (hereinafter Mrs. Choo).

**2.** "The doctrine of *forum non conveniens* is an equitable doctrine exercised by courts to resist imposition of an inconvenient jurisdiction on a litigant, even if jurisdiction ... would not violate due process. A trial court will exercise the doctrine of forum non conveniens when it determines that, for the convenience of the litigants and witnesses and in the interest of justice, the action should be instituted in another forum. * * * Before a court may invoke forum non conveniens, the court must find that it has juris-

## I.

In 1977, Leong Chong was killed while working on board a tanker berthed in the Singapore harbor. The tanker was owned by Esso Tankers, Inc., a Liberian corporation. Under a vessel management agreement, the maintenance of the tanker was the responsibility of Exxon International Co., an unincorporated division of Exxon Corporation, a Delaware corporation headquartered in Houston, Texas (hereinafter collectively "Exxon"). In 1978, Chong's widow, Chick Kam Choo, also a Singapore resident, sued Exxon in the United States District Court for the Southern District of Texas ("federal district court"). She asserted claims under the Jones Act, 46 U.S.C.App. § 688, the Death on the High Seas Act (DOHSA), 46 U.S.C.App. §§ 761–67, the general maritime law of the United States, and the Texas wrongful death and survival statutes. In 1980, the federal district court granted Exxon's motion for summary judgment, holding that the Jones Act, DOHSA and the general maritime law of the United States were inapplicable and the Texas wrongful death and survival claims were dismissed on the basis of *forum non conveniens*.

Subsequently in January 1984, Mrs. Choo filed suit in Texas in state district court in Harris County, asserting substantially the same claims that she brought in federal district court. Subsequently, however, Mrs. Choo voluntarily dismissed her federal law claims and the federal district court prohibited Mrs. Choo from prosecuting her claims under the Texas wrongful death and survival statutes,[3] leaving only her claim under the

diction over the defendant." *Sarieddine v. Moussa*, 820 S.W.2d 837, 839–40 (Tex.App.—Dallas 1991, writ denied). *See Dow Chemical Co. v. Alfaro*, 786 S.W.2d 674, 676–77 (Tex.1990).

**3.** Exxon filed an action in federal district court to enjoin the relitigation of Mrs. Choo's claims under the Texas wrongful death and survival statutes and the substantive law of Singapore in state district court. Exxon argued that the federal district court had already rendered judgment for Exxon on the claims, and that any judgment by the state court would interfere with the previous federal judgment. The federal district court granted the injunction, prohibiting Mrs. Choo and her attorneys from prosecuting or commenc-

substantive law of Singapore. In April 1990, Exxon moved for summary judgment, arguing that federal maritime law preempted Texas "*forum non conveniens* law" in this case and that the application of the federal maritime *forum non conveniens* doctrine warranted dismissal of the case. The trial court granted Exxon's motion and dismissed the case. The court of appeals reversed and remanded, holding that "the trial court erred in dismissing [Mrs.] Choo's Singapore law claim on the basis of federal *forum non conveniens* and its conclusion that the 'open courts' provision in state law is preempted by federal maritime law." 821 S.W.2d at 192.

## II.

Exxon argues that the federal maritime doctrine of *forum non conveniens* preempts the application of Texas "*forum non conveniens* law."[4] We disagree.[5]

ing any action in state court against Exxon related to the death of Leong Chong.

The Fifth Circuit Court of Appeals affirmed. *Exxon Corp. v. Chick Kam Choo*, 817 F.2d 307 (5th Cir.1987), *rev'd*, 486 U.S. 140, 108 S.Ct. 1684, 100 L.Ed.2d 127 (1988). The United States Supreme Court unanimously reversed, dissolved the injunction and remanded the case to the federal district court to modify its injunction. *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 108 S.Ct. 1684, 100 L.Ed.2d 127 (1988). The Court reasoned that under the Anti-injunction Act, 28 U.S.C. § 2283, the injunction would only be valid if it were necessary to "protect or effectuate" the 1980 judgment dismissing Mrs. Choo's suit from federal court. 486 U.S. at 147, 108 S.Ct. at 1689–90. The Court held that the validity of Mrs. Choo's Texas law claim had already been "adjudicated in the original federal action." 486 U.S. at 150, 108 S.Ct. at 1691. Thus, the federal district court necessarily precluded the application of Texas law. An injunction preventing the relitigation of Mrs. Choo's Texas claim was therefore proper. However, Mrs. Choo's Singapore law claim was not litigated in the 1980 federal action. *See* 486 U.S. at 148–49, 108 S.Ct. at 1690–91. Mrs. Choo did not bring a claim under the substantive law of Singapore in 1980. Since the federal district court in 1980 never determined whether federal maritime law preempted state disposition of the Singapore claim, presenting the question to a state court would not be "relitigation" of the issue. An injunction preventing the relitigation of Mrs. Choo's claim under the substantive law of Singapore was therefore improper.

**4.** In *Dow Chemical Co. v. Alfaro*, 786 S.W.2d 674 (Tex.1990), this court determined that "the legislature has statutorily abolished the doctrine of forum non conveniens in suits brought under section 71.031 [of the Texas Civil Practice and Remedies Code]." *Id.* at 679. Section 71.031 provides:

(a) An action for damages for the death or personal injury of a citizen of this state, of the United States, or of a foreign country may be enforced in the courts of this state, although the wrongful act, neglect, or default causing the death or injury takes place in a foreign state or country, if:

(1) a law of the foreign state or county or of this state gives a right to maintain an action for damages for the death or injury;

(2) the action is begun in this state within the time provided by the laws of this state for beginning the action; and

(3) in the case of a citizen of a foreign country, the country has equal treaty rights with the United States on behalf of its citizens.

(b) All matters pertaining to procedure in the prosecution or maintenance of the action in the courts of this state are governed by the law of this state.

(c) The court shall apply the rules of substantive law that are appropriate under the facts of the case.

Tex.Civ.Prac. & Rem.Code § 71.031. If the federal maritime doctrine of *forum non conveniens* does not preempt the application of Texas "*forum non conveniens* law," Exxon is not entitled to dismissal under Texas "*forum non conveniens* law."

The legislature recently enacted section 71.051 of the Texas Civil Practice and Remedies Code concerning forum non conveniens in actions for personal injury and wrongful death. Section 71.051 states in pertinent part:

(a) With respect to a claimant who is not a legal resident of the United States, if a court of this state, on written motion of a party, finds that in the interest of justice an action to which this section applies would be more properly heard in a forum outside this state, the court may decline to exercise jurisdiction under the doctrine of forum non conveniens and may stay or dismiss the action in whole or in part on any conditions that may be just.

\* \* \* \* \* \*

(k) This section applies to actions for personal injury or wrongful death. This section shall govern the courts of this state in determining issues under the doctrine of forum non conveniens in the actions to which it applies, notwithstanding Section 71.031(a) or any other law.

However, section 71.051 only applies to causes of action filed on or after September 1, 1993, Act of March 4, 1993, ch. 4, § 2 1993 Tex.Gen.Laws 12 (effective Sept. 1, 1993). *See also* Comment, *Section 71.051 of the Texas Civil Practice and Remedies Code—The Texas Legislature's Answer to Alfaro: Forum Non Conveniens in Personal Injury and Wrongful Death Litigation*, 46 BAYLOR L.REV. 99, 101–02, 106–09 (1994).

**5.** Ordinarily before we would reach this question, we would determine whether this case is

Texas recognizes that substantive federal maritime law has preemptive force over state law. *Mandell & Wright v. Thomas*, 441 S.W.2d 841, 844 (Tex.1969) (Jones Act and DOHSA preempt Texas wrongful death statute); *Texaco Refining & Marketing, Inc. v. Estate of Dau Van Tran*, 808 S.W.2d 61, 64 (Tex.1991) (federal maritime law preempts state remedies). It is uncertain in Texas, however, whether federal maritime *forum non conveniens* has similar preemptive effect. *See Couch v. Chevron Int'l Oil Co.*, 672 S.W.2d 16 (Tex.App.—Houston [14th Dist.]), *writ ref'd n.r.e. per curiam*, 682 S.W.2d 534, 535 (Tex.1984).

On February 23, 1994, the United States Supreme Court, in *American Dredging Co. v. Miller*, ——— U.S. ———, 114 S.Ct. 981, 127 L.Ed.2d 285 (1994), determined that in admiralty cases filed in a state court under the Jones Act and the "saving to suitors clause," federal law does not preempt state law regarding the doctrine of *forum non conveniens.*[6] The Court stated:

> In exercising in personam jurisdiction ... [as opposed to in rem jurisdiction] a state court may " 'adopt such remedies, and ... attach to them such incidents, as it sees fit'

subject to federal maritime jurisdiction. However, for the purposes of this opinion, we will *assume that this case is* subject to federal maritime jurisdiction.

**6.** Although *American Dredging* involved a claim under the Jones Act, the Court recognized that the principles are applicable to general maritime law:

> [W]e have held that the Jones Act adopts the "uniformity requirement" of the FELA, requiring state courts to apply a uniform federal law. *Garrett* [*v. Moore–McCormack Co.*, 317 U.S. 239 [63 S.Ct. 246, 87 L.Ed. 239] (1942)], supra, at 244 [63 S.Ct. at 250]. And—to come to the point of this excursus—despite that uniformity requirement we held in *Missouri ex rel. Southern R. Co. v. Mayfield*, 340 U.S. 1, 5 [71 S.Ct. 1, 3, 95 L.Ed. 3] (1950), that a state court presiding over an action pursuant to the FELA "should be freed to decide the availability of the principle of forum non conveniens in these suits according to its own local law." We declared forum non conveniens to be a matter of "local policy," id., at 4 [71 S.Ct. at 3], a proposition well substantiated by the local nature of the "public factors" relevant to the forum non conveniens determination. See [*Piper Aircraft Co. v.*] *Reyno*, supra, [454 U.S.

so long as it does not attempt to make changes in the 'substantive maritime law.' " *Madruga v. Superior Court of California*, 346 U.S. 556, 561 [74 S.Ct. 298, 301, 98 L.Ed. 290] (1954) (quoting *Red Cross Line* [*v. Atlantic Fruit Co.*, 264 U.S. 109], supra, at 124 [44 S.Ct. 274, at 277, 68 L.Ed. 582 (1924)]). That proviso is violated when the state remedy "works material prejudice to the characteristic features of the general maritime law or interferes with the proper harmony and uniformity of that law in its international and interstate relations." *Southern Pacific Co. v. Jensen*, 244 U.S. 205, 216 [37 S.Ct. 524, 529, 61 L.Ed. 1086] (1917). The issue before us here is whether the doctrine of forum non conveniens is either a "characteristic feature" of admiralty or a doctrine whose uniform application is necessary to maintain the "proper harmony" of maritime law. We think it is neither.

*Id.* at ———, 114 S.Ct. at 983 (footnote omitted).

In determining that *forum non conveniens* is not a characteristic feature of general maritime law, the Court explained:

> 235] at 241, and n. 6 [102 S.Ct. 252, at 258, and n. 6, 70 L.Ed.2d 419 (1981)] (quoting [*Gulf Oil Corp. v.*] *Gilbert*, 330 U.S. [501] at 509 [67 S.Ct. 839, at 843, 91 L.Ed. 1055 (1947)]).
>
> We think it evident that the rule which Mayfield announced for the FELA applies as well to the Jones Act, which in turn supports the view that maritime commerce in general does not require a uniform rule of forum non conveniens. Amicus Maritime Law Association of the United States argues that "whether or not it is appropriate to analogize from FELA to the Jones Act, Mayfield cannot save the result below because the Louisiana statute abolishes the forum non conveniens doctrine in all maritime cases, not just those arising under the Jones Act." Brief for Maritime Law Association as Amicus Curiae 16. It is true enough that the Mayfield rule does not operate ex proprio vigore beyond the field of the FELA and (by incorporation) the Jones Act. But harmonization of general admiralty law with congressional enactments would have little meaning if we were to hold that, though forum non conveniens is a local matter for purposes of the Jones Act, it is nevertheless a matter of global concern requiring uniformity under general maritime law.

Although the origins of the doctrine [of *forum non conveniens*] in Anglo–American law are murky, most authorities agree that forum non conveniens had its earliest expression not in admiralty but in Scottish estate cases.

\*　　\*　　\*　　\*　　\*　　\*

Even within the United States alone, there is no basis for regarding forum non conveniens as a doctrine that originated in admiralty. To be sure, within federal courts it may have been given its earliest and most frequent expression in admiralty cases.... But the doctrine's application has not been unique to admiralty.... Our most recent opinion dealing with forum non conveniens, *Piper Aircraft Co. v. Reyno,* 454 U.S. 235 [102 S.Ct. 252, 70 L.Ed.2d 419] (1981), recognized that the doctrine "originated in Scotland, and became part of the common law of many States," *id.,* at 248, n. 13 [102 S.Ct. at 262, n. 13] (citation omitted), and treated the forum no conveniens analysis of *Canada Malting Co. v. Paterson S.S., Ltd.,* 285 U.S. 413 [52 S.Ct. 413, 76 L.Ed. 837] (1932), an admiralty case, as binding precedent in the nonadmiralty context.

In sum, the doctrine of forum non conveniens neither originated in admiralty nor has exclusive application there. To the contrary, it is and has long been a doctrine of general application.

*Id.* at ——, 114 S.Ct. at 987.[7] Consequently, the Court held that "Louisiana's refusal to apply forum non conveniens does not, therefore, work 'material prejudice to [a] characteristic featur[e]' of the general maritime law.'" *Id.* at ——, 114 S.Ct. at 983 (quoting *Southern Pacific Co. v. Jensen,* 244 U.S. at 216, 37 S.Ct. at 529). Because *forum non conveniens* is not a "characteristic feature" of general maritime law, the application of Tex-

as *"forum non conveniens* law" would not prejudice a characteristic feature of general maritime law.

In concluding that the uniform application of the doctrine of *forum non conveniens* is not necessary to maintain the "proper harmony" of maritime law, the Court stated:

The discretionary nature of the doctrine [of forum non conveniens], combined with the multifariousness of the factors relevant to its application, see the quotation from *Gilbert [Gulf Oil Corp. v. Gilbert,* 330 U.S. 501 [67 S.Ct. 839, 91 L.Ed. 1055] (1947) (describing the factors of private and public interest which are considered in the federal *forum non conveniens* analysis) ], supra, at 4–5, make uniformity and predictability of outcome almost impossible. "The forum non conveniens determination," we have said, "is committed to the sound discretion of the trial court. It may be reversed only when there has been a clear abuse of discretion; where the court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference." *Piper Aircraft Co. v. Reyno,* 454 U.S., at 257 [102 S.Ct. at 266–67]. We have emphasized that " '[e]ach case turns on its facts' " and have repeatedly rejected the use of per se rules in applying the doctrine. *Id.,* at 249 [102 S.Ct. at 262–63].

*Id.* at ——, 114 S.Ct. at 989.[8] The Court explained that "[w]herever the boundaries of permissible state regulation may lie [in relation to the needs of uniformity in federal maritime law], they do not invalidate state rejection of forum non conveniens, which is in two respects quite dissimilar from any other matter that our opinions have held to be governed by federal admiralty law: it is pro-

*Id.* at ——, 114 S.Ct. at 990.

**7.** *See also* David W. Robertson & Paula K. Speck, *Access to State Courts in Transnational Personal Injury Cases: Forum Non Conveniens and Antitrust Injunctions,* 68 TEX.L.REV. 937, 950–51 (1990).

**8.** *See also* Allan R. Stein, *Forum Non Conveniens and the Redundancy of Court–Access Doctrine,* 133 U.PA.L.REV. 781, 785 (1985) (The applica-

tion of the federal forum non conveniens results in "a crazy quilt of ad hoc, capricious, and inconsistent decisions."); David W. Robertson & Paula K. Speck, *Access to State Courts in Transnational Personal Injury Cases: Forum Non Conveniens and Antitrust Injunctions,* 68 TEX.L.REV. 937, 970 (1990). *See generally* Paula K. Speck, *Forum Non Conveniens and Choice of Law in Admiralty: Time For an Overhaul,* 18 J.MAR. LAW & COMM. 185, 206 (1987).

cedural rather than substantive,[9] and it is most unlikely to produce uniform results." *Id.* at ——, 114 S.Ct. at 988 (footnote added). Consequently, the application of Texas *"forum non conveniens"* law would not disrupt the proper harmony and uniformity of maritime law.

## III.

We are also mindful that the federal maritime doctrine of *forum non conveniens* implicates international accommodation and comity. The impact on international and interstate maritime commerce is an important consideration when determining whether the essential features of exclusive federal jurisdiction are unduly burdened. *See Pacific Merchant Shipping Ass'n v. Aubry,* 918 F.2d 1409, 1425 (9th Cir.1990). *See generally Banco Nacional de Cuba v. Sabbatino,* 376 U.S. 398, 84 S.Ct. 923, 11 L.Ed.2d 804 (1964) ("act of state" doctrine); *Graham v. Richardson,* 403 U.S. 365, 91 S.Ct. 1848, 29 L.Ed.2d 534 (1971) (federal authority to regulate immigration). However, since the Supreme Court has determined that *forum non conveniens* is not a characteristic feature of general maritime law and that the application of state *forum non conveniens* law would not materially disrupt a uniform or predictable feature of general maritime law, the potential impact on international and interstate maritime commerce is minimal.[10]

It is difficult to imagine that the application of Texas *"forum non conveniens"* law in this case would interfere with international relations or commerce. "[S]ubjecting private alien defendants to suit in United States courts probably does not routinely raise sig-

nificant questions of foreign policy. Suits against United States defendants in United States courts do not raise foreign-policy questions at all." David W. Robertson & Paula K. Speck, *Access to State Courts in Transnational Personal Injury Cases: Forum Non Conveniens and Antitrust Injunctions,* 68 TEX.L.REV. 937, 967–68 (1990) (footnotes omitted). *See Skiriotes v. Florida,* 313 U.S. 69, 73, 61 S.Ct. 924, 927–28, 85 L.Ed. 1193 (1941). In this case, Mrs. Choo, a private alien plaintiff, has chosen to file suit in Texas state court asserting a claim under Singapore law against Exxon Corporation, a Delaware corporation headquartered in Houston, Texas, Exxon International Co., an unincorporated division of Exxon Corporation, and Esso Tankers, Inc., a Liberian corporation. Mrs. Choo's claim arises out of her husband's death in Singapore while working in the engine room of a berthed tanker. Under these circumstances, we see minimal, if any, impact that maintaining Mrs. Choo's suit in the Texas state courts would have on international and interstate maritime commerce. Consequently, we conclude that the federal maritime doctrine of *forum non conveniens* does not preempt the application of Texas *"forum non conveniens"* law."

For the reasons explained herein, we affirm the judgment of the court of appeals.

---

**9.** Under the "reverse Erie" doctrine, federal maritime law preempts state law with respect to substantive, but not procedural, matters. *Offshore Logistics, Inc. v. Tallentire,* 477 U.S. 207, 222–23, 106 S.Ct. 2485, 2494–95, 91 L.Ed.2d 174 (1986). *See American Dredging Co. v. Miller,* —— U.S. at ——, 114 S.Ct. at 988. Under most circumstances, *forum non conveniens* is a procedural tool and not a substantive rule of law; usually federal *forum non conveniens* may not preempt the *forum non conveniens* analysis of a state court. *American Dredging Co. v. Miller,* —— U.S. at ——, 114 S.Ct. at 988.

**10.** *American Dredging Co. v. Miller* did not involve *forum non conveniens* preemption in the

international context. However, in his dissenting opinion, Justice Kennedy stated:

> The Court does seem to leave open the possibility for a different result if those who raise the forum non conveniens objection are of foreign nationality. The Court is entitled, I suppose, to so confine its holding, but no part in its reasoning gives hope for a different result in a case involving foreign parties. The Court's substance-procedure distinction takes no account of the identity of the litigants, nor does the statement that forum non conveniens remains "nothing more or less than a supervening venue provision," ante, at 306.

*Id.* at ——, 114 S.Ct. at 996 (Kennedy, J., dissenting).