X.L. INSURANCE COMPANY, LTD.,
and A.C.E. Insurance Company
(Bermuda), Ltd., Appellants,

v.

HARTFORD ACCIDENT & INDEMNITY
CO., First State Insurance Co., Twin
City Fire Insurance Co., New England
Reinsurance Co., and Atlanta International Insurance Co., Appellees.

X.L. INSURANCE COMPANY, LTD.,
and A.C.E. Insurance Company
(Bermuda), Ltd., Relators,

v.

The Honorable James MEHAFFY,
Judge, 58th Judicial District
Court, Respondent.

Nos. 09–95–363 CV, 09–95–393 CV.

Court of Appeals of Texas,
Beaumont.

April 4, 1996.

Rehearing Overruled May 24, 1996.

Elizabeth Tipton, Tipton & Gilbert, Houston, Thomas B. Alleman, Vial, Hamilton, Koch & Knox, Dallas, Scott Carey, Bates,

Meckler, Bulger & Tilson, Chicago, IL, for appellants.

Howard L. Close, Orgain, Bell & Tucker, Beaumont, Wayne D. Davidson, Houston, for appellees.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

STOVER, Justice.

In 1993, Bristol Myers Squibb Corporation and its wholly owned subsidiary, Medical Engineering Corporation ("BMS"), filed a lawsuit against a large number of insurance companies, including Hartford Accident & Indemnity Co., First State Insurance Co., Twin City Fire Insurance Co., New England Reinsurance Corp., and Atlanta International Insurance Co. ("Hartford"), for declaratory judgment, breach of contract, and breach of implied covenant of good faith and fair dealing, in connection with insurance coverage in breast implant litigation. In 1994, a group of doctors, who claimed BMS was contractually obligated to indemnify them for their liability in breast implant claims, intervened and added X.L. Insurance Company, Ltd., and A.C.E. Insurance Company (Bermuda), Ltd. ("X.L."), as defendants. Hartford filed a cross-action against X.L. seeking contribution and indemnity for the claims alleged against Hartford by BMS. X.L. filed special appearances which were overruled by the trial court. Subject to the special appearance, X.L. moved to stay or dismiss the Hartford cross-claims pending arbitration. The trial court denied the motion. X.L. seeks mandamus and pursues an interlocutory appeal pursuant to the Federal and Texas Arbitration Acts. 9 U.S.C. § 1 et seq.; TEX.CIV.PRAC. & REM.CODE ANN. §§ 171.001 et seq. We consolidated the appeal and the extraordinary proceeding for purposes of briefing and oral argument.

BMS and Hartford did not agree to arbitrate in their contract, nor was there any contract between Hartford and X.L. The contract between BMS and X.L. contained a choice-of-law clause and an agreement to arbitrate in London, England, as follows:

(o) Arbitration

Any dispute arising under this Policy shall be finally and fully determined in London, England under the provisions of the English Arbitration Act of 1950, as amended and supplemented, by a Board composed of three arbitrators to be selected for each controversy as follows: [procedure for arbitration omitted] The Company [X.L.] and the Insured [BMS] agree that in the event that claims for indemnity or contribution are asserted in any action or proceeding against the Company by any of the Insured's other insurers in any jurisdiction or forum other than that set forth in this Section (o), the Insured will in good faith take all reasonable steps requested by the Company to assist the Company in obtaining a dismissal of these claims (other than on the merits) and will, without limitation, undertake to the court or other tribunal to reduce any judgment or award against such other insurers to the extent that the court or tribunal determines that the Company would have been liable to such insurers for indemnity or contribution pursuant to this Policy. The Insured shall be entitled to assert claims against the Company for coverage under this Policy, including, without limitation, for amounts by which the Insured reduced its judgment against such other insurers in respect of such claims for indemnity or contribution, in an arbitration between the Company and the insured pursuant to this Section (o); provided, however, that the Company in such arbitration in respect of such reduction of any judgment shall be entitled to raise any defenses under this Policy and any other defenses (other than jurisdictional defenses) as it would have been entitled to raise in the action of proceeding with such insurers.

(q) Governing Law and Interpretation

This Policy shall be governed by and construed in accordance with the internal laws of the State of New York....

X.L. contends this case is governed by the substantive law of the State of New York

pursuant to the choice-of-law clause contained in the BMS/X.L. contract. X.L. argues privity is not required in order to bind a party to arbitration under New York law, citing *Solomon v. Consolidated Resistance Co. of America, Inc.,* 97 A.D.2d 791, 468 N.Y.S.2d 532, 533 (2nd Dept.1983); *Hartford Accident & Indemnity Co. v. CNA Insurance Companies,* 99 A.D.2d 310, 472 N.Y.S.2d 342, 345 (1st Dept.1984); and *Lumbermens Mutual Casualty Co. v. Borden Co.,* 268 F.Supp. 303, 314 (S.D.N.Y.1967). If Hartford is bound by the contract, we will apply its terms according to the law of the state chosen by the parties. The choice-of-law clause is part of the contract; we must first determine whether any part of the contract, including the choice-of-law clause, is binding upon Hartford.

The threshold question is whether the provisions of the contract may be enforced against a non-contracting party. X.L. maintains Texas law compels arbitration of Hartford's claims, in spite of lack of privity of contract, because to the extent any insurer can make a claim against X.L., that insurer's rights exist only by subrogation and not as a direct cause of action, citing *American Centennial Ins. Co. v. Canal Ins. Co.,* 843 S.W.2d 480 (Tex.1992); *Argonaut Ins. Co. v. Allstate Ins. Co.,* 869 S.W.2d 537 (Tex.App.—Corpus Christi 1993, writ denied); *Thompson v. Vinson & Elkins,* 859 S.W.2d 617 (Tex.App.—Houston [1st Dist.] 1993, writ denied); *Guillot v. Hix,* 838 S.W.2d 230 (Tex.1992); *Cockrell v. Republic Mortgage Ins. Co.,* 817 S.W.2d 106 (Tex.App.—Dallas 1991, no writ); and *State Farm Fire & Cas. Co. v. Griffin,* 888 S.W.2d 150 (Tex.App.—Houston [1st Dist.] 1994, no writ). X.L. also cites a number of New York and federal cases in support of the principle that a third-party beneficiary or subrogee to a contract containing an arbitration clause is bound to arbitrate in the same manner as the contract signatories.

■ In determining whether a claim falls within the scope of an arbitration agreement, we must focus upon the factual allegations of the complaint rather than the legal causes of action asserted. *Prudential Securities Inc. v. Marshall,* 909 S.W.2d 896, 900 (Tex.1995). A tort claim is arbitrable if it is so interwoven with the contract that it could not stand alone, but is not arbitrable if it is completely independent of the contract and could be maintained without reference to a contract. *Fridl v. Cook,* 908 S.W.2d 507, 511 (Tex.App.—El Paso 1995, writ requested). Texas courts will not compel arbitration in the absence of an enforceable agreement to arbitrate between the parties. *Phillips v. ACS Mun. Brokers, Inc.,* 888 S.W.2d 872, 875 (Tex.App.—Dallas 1994, no writ). Likewise, the Supreme Court recognized that the Federal Arbitration Act will not compel arbitration in the absence of an agreement to arbitrate. *Volt Info. Sciences, Inc. v. Stanford Univ.,* 489 U.S. 468, 478, 485, 109 S.Ct. 1248, 1259, 103 L.Ed.2d 488 (1989). To that end, our courts have held a non-party to the contract cannot be forced to arbitrate. *Prudential–Bache Securities, Inc. v. Garza,* 848 S.W.2d 803, 807 (Tex.App.—Corpus Christi 1993, orig. proceeding).

■ Hartford reminds the Court that its written contracts were both issued and the coverage periods expired before the X.L. policies were executed. Hartford contends it does not seek to benefit from the BMS/X.L. contract, but has merely petitioned for contribution or indemnity in response to joint and several liability tort claims against Hartford by BMS. Hartford contends its claims include potential statutory contribution claims under TEX.CIV.PRAC. & REM.CODE ANN. §§ 32.001 et seq. (Vernon 1986). Such claims are independent of, rather than derivative of, any alleged third-party beneficiary, agency, or assignee/subrogee relationship. There is no litigation pending between X.L. and BMS; the only claim X.L. seeks to have dismissed is that of a non-party to the arbitration agreement. Accordingly, the trial court was not presented with grounds to stay proceedings pending arbitration.

We find no abuse of discretion by the trial court. The point of error is overruled. We affirm the trial court's order. The petition for writ of mandamus is denied.

AFFIRMED; WRIT DENIED.