COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI



___________________________________________________________________


NUMBER 13-00-508-CV



RAQUEL SAN MIGUEL, Appellant,


v.


SUZETTE BELLOWS, BELLOWS LAW

FIRM, P.L.L.C., AND ROGER D. BELLOWS, Appellees.

___________________________________________________________________


On appeal from the 343th District Court 


of Live Oak County, Texas.


___________________________________________________________________


and



___________________________________________________________________


Number 13-00-538-CV



IN RE: RAQUEL SAN MIGUEL


___________________________________________________________________


On Petition for Writ of Mandamus.


___________________________________________________________________


OPINION



Before Justices Hinojosa, Yañez, and Chavez



Opinion by Justice Chavez


 Raquel San Miguel appeals issuance of a temporary injunction
by the 343rd District Court of Live Oak County at the request of
appellees that enjoins her and her agents from attempting, in a Harris
County district court, to appoint a receiver, to seek a turnover order,
to levy or in any manner encumber their property. 
Contemporaneously with the filing of this appeal, San Miguel also
filed a petition for mandamus requesting this court to vacate the Live
Oak County district court's order denying her motion to abate or
dismiss the suit in Live Oak County and to assess attorney fees and
costs. San Miguel argues that the Live Oak County court does not
have jurisdiction to hear this case because the Harris County district
court has dominant jurisdiction over the same parties and subject
matter. We agree.

 In September 1999, San Miguel recovered a judgment in a
Harris County district court against Roger D. Bellows, individually
and d/b/a R.D. Bellows Law Office in excess of $513,000 for fraud,
DTPA violations, and breach of fiduciary duty during his
representation of her in a suit regarding the death of her son.(1) 
Bellows gave his notice of appeal in that case but did not post a
supersedeas bond. After the judgment became final, San Miguel
began post-judgment discovery and discovered that Roger Bellows,
with monies from his settlement fee, had purchased an expensive
new homestead, a Lexus automobile for his wife, two annuities, paid
back taxes to the IRS, had reorganized his law office into a P.L.L.C.,
and had mortgaged his other real property assets.

 On April 17, 2000, after the judgment had become final, San
Miguel filed her Application for Ancillary Relief in the Harris County
district court seeking a turnover order and joined Roger Bellows's
wife, Suzette Bellows, and the Bellows Law Firm, P.L.L.C. to those
proceedings. Although unsuccessful in obtaining service on Suzette
and the P.L.L.C., San Miguel did give notice to Roger Bellows by
forwarding a copy of the Application to his counsel. In May, the
Harris County court scheduled the Application for Ancillary Relief for
a hearing on July 7, 2000. On June 26, 2000, Suzette and the
P.L.L.C. obtained from the 343rd District Court in Live Oak County an
ex-parte temporary restraining order which restrained San Miguel
from proceeding with her collection efforts in Harris County. Roger
Bellows intervened in the Live Oak County case three days later. In
addition to their application for a temporary restraining order,
appellees also filed an application for temporary injunction and a
petition for declaratory judgment. San Miguel was not served and
was unaware of these proceedings until shortly before the July 7th
scheduled hearing in Harris County.

 At the July 7th hearing in Harris County, Suzette Bellows and
Bellows Law Firm, P.L.L.C. filed "Special Appearances to Contest
Jurisdiction" that were overruled by the court.(2) The Harris County
court found all parties' special appearances improper. See Tex. R.
Civ. P. 120a. By voluntarily filing their special appearances, which
were subsequently denied, Suzette and the P.L.L.C. submitted
themselves to the jurisdiction of the Harris County court in the
proceedings then pending before it. See Dechon v. Dechon, 909
S.W.2d 950, 953 (Tex. App.--El Paso 1995, no pet.) (party subject to
judgment of trial court after special appearance denied). San Miguel,
however, declined to go forward because of the restraining order
issued out of Live Oak County and the case was continued.

 In Live Oak County San Miguel filed a "Plea in Abatement,
Motion to Dismiss, Motion to Assess Attorney's Fees and Expenses"
prior to the hearing on the temporary injunction. San Miguel's
motions were grounded on the contention that the Harris County
district court had acquired dominant jurisdiction over the same
parties and prayed that the Live Oak County proceedings be either
dismissed or abated. After the hearing concluded, the trial court
denied San Miguel's motions that are now made the subject of the
mandamus action, and granted appellees the temporary injunction
being appealed.

 The long-standing common law rule in Texas is that the first
court to acquire jurisdiction over the subject matter and the parties of
a controversy has dominant jurisdiction over all other courts. 
Cleveland v. Ward, 285 S.W. 1063, 1070 (Tex. 1926); see also Bailey
v. Cherokee County Appraisal Dist., 862 S.W.2d 581, 586 (Tex.
1993); Curtis v. Gibbs, 511 S.W.2d 263, 267 (Tex. 1974); In re
McCall, 967 S.W.2d 934, 936 (Tex. App.--Corpus Christi 1998, orig.
proceeding). This rule is grounded on the principles of comity,
convenience and the orderly procedure in resolving jurisdictional
disputes. Wyatt v. Shaw Plumbing Co., 760 S.W.2d 245, 248 (Tex.
1988). Where jurisdiction of a district court has attached, it has the
power to permit pleadings to be amended, new parties to be made,
to determine all essential questions, and to do anything with
reference thereto authorized by law. Cleveland, 285 S.W. at 1069. 

 Appellees argue that the Harris County district court has not
acquired dominant jurisdiction over all of the parties and the subject
matter. In support of this argument, appellees contend that San
Miguel asserted new causes of action in her petition for ancillary
relief and added new parties to the original lawsuit. Suzzette Bellows
and Bellows Law Firm P.L.L.C., appellees point out, were not parties
to that underlying lawsuit. Bellows also argues that a newly
discovered indemnity agreement prevents San Miguel from collecting
on the judgment. Our disposition of this appeal, however, does not
prevent appellees from raising these defenses in the Harris County
district court.

 It is undisputed that Roger D. Bellows, individually, and d/b/a
R.D. Bellows Law Office is the judgment debtor in Harris County and
is properly before that court; it is also undisputed that Suzette
Bellows is R.D. Bellows's wife, and that Bellows Law Firm P.L.L.C. is
the successor to Bellows Law Office. It is also clear from the record
that the ancillary proceedings were filed in Harris County prior to the
appellees' petition being filed in Live Oak County. Suzette and the
P.L.L.C. voluntarily filed their special appearances in Harris County. 
When the special appearances were overruled, that court acquired 
jurisdiction over them, subject to their remaining motions. See X.L.
Ins. Co. v. Hartford Accident & Indem. Co., 918 S.W.2d 687, 688
(Tex. App.--Beaumont 1996, pet. dism. w.o.j.); see also Autin v.
Daniel Bruce Marine Inc., 862 S.W.2d 208, 209 (Tex. App.--Houston
1993, no pet.). Whether Suzette, the P.L.L.C., and any new causes
of action that may have been pled by San Miguel remain in Harris
County are matters that the Harris County district court should
determine when it rules on the pending motions. Should appellees
disagree with that court's rulings, their remedy is by appeal to the
appropriate appellate court, not to a district court in another county
of equal rank. Wyatt, 760 S.W.2d at 248.

 We hold that the Live Oak County district court abused its
discretion when it issued the temporary injunction that enjoined San
Miguel from pursuing her collection efforts in the Harris County
district court. We therefore order the temporary injunction vacated
and the Live Oak County lawsuit dismissed.

 Our disposition of the interlocutory appeal makes San Miguel's
application for writ of mandamus moot. It is therefore dismissed.

 

 MELCHOR CHAVEZ

 Justice


Publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed this

the 22nd day of November, 2000.





1. This suit was settled, and Bellows received a substantial fee. 
2. In addition to the special appearance, the motion also included a
motion to transfer, a plea in abatement and plea in bar which have not
been ruled on by the Harris County court.