**Myron P. BOOTS, Appellant,**

v.

**Rosalie M. LOPEZ, Appellee.**

**No. 14–98–00073–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 12, 1999.

Rehearing Overruled Nov. 18, 1999.

---

Shawn Russel Casey, Houston, for appellant.

Earle S. Lilly, Houston, for appellee.

Before Chief Justice MURPHY and Justices HUDSON and CANNON.*

## OPINION

PAUL C. MURPHY, Chief Justice.

This is an appeal of a dismissal of a divorce action on the grounds of forum non conveniens. Myron P. Boots (Boots), appellant, brought a divorce action in district court. The trial court dismissed the case holding that Arizona was a more appropriate forum. In one point of error, Boots asserts the trial court abused its discretion in dismissing the case because the trial court had jurisdiction to grant the divorce. We affirm.

### Background

On September 29, 1997, Boots filed a divorce suit against Rosalie Lopez (Lopez) in Harris County. In addition to seeking dissolution of the marriage, the divorce

---

* Senior Justice Bill Cannon sitting by assignment.

petition also requested a division of the parties' property and orders for the conservatorship and support of their child. On October 1, 1997, Lopez filed for divorce against Boots in Arizona. In response to the Harris County petition, Lopez filed a special appearance alleging that pursuant to the Uniform Child Custody Jurisdiction Act the Texas trial court did not have jurisdiction to make custody decisions concerning the parties' child. Lopez and the child had resided in Arizona for a period of at least six months.[1] In her response, Lopez further requested that the entire divorce action be heard in Arizona because one trial would be more convenient for the parties. At the hearing, the trial court overruled Lopez's special appearance holding that Texas does have jurisdiction over her, but the court dismissed Boots's case on the grounds that Arizona would be a more convenient forum.

## Discussion

■ On appeal, Boots argues the trial court abused its discretion in dismissing his case in its entirety because Texas is a proper forum and the trial court has jurisdiction over all of the parties. The test for an abuse of discretion is not whether, in our view, the facts present an appropriate case for the trial court's action. Rather, in order to prove the trial court abused its discretion, Boots must show the trial court acted without reference to guiding rules and principles, or, in other words, acted in an arbitrary or unreasonable manner. *See Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985); *Couch v. Chevron Int'l Oil Co., Inc.,* 672 S.W.2d 16, 19 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). The fact that the trial court may decide a matter within its discretion in a different manner than we would does not demonstrate that an abuse

of discretion has occurred. *See Southwestern Bell Tel. Co. v. Johnson,* 389 S.W.2d 645, 648 (Tex.1965).

■ Boots correctly points out that section 6.308 of the Texas Family Code allows the trial court to exercise partial jurisdiction over those portions of the suit for which it has authority. *See* TEX.FAM.CODE ANN. § 6.308(a) (Vernon 1998). However, we note the language of the statute is discretionary, not mandatory. *See* TEX. GOV'T CODE ANN. § 311.016(1) (Vernon 1998). The statute provides that the trial court *may* exercise its jurisdiction. *See* TEX.FAM.CODE ANN. § 6.308(a). Thus, it was within the trial court's discretion whether to exercise partial jurisdiction over this case. Boots has failed to cite any authority for the proposition that the trial court was required to exercise its jurisdiction over the case.

■ Under the doctrine of forum non conveniens, a trial court may exercise its discretion to resist imposition of an inconvenient jurisdiction upon a litigant who is otherwise subject to jurisdiction. *See Exxon Corp. v. Choo,* 881 S.W.2d 301, 305 (Tex.1994). In determining whether to dismiss a suit on the grounds of forum non conveniens, a court considers such factors as: (1) the litigant's own interests in such matters as which forum would provide easiest access to sources of proof; (2) the cost of obtaining the presence of witnesses; (3) the availability of process to compel the attendance of unwilling witnesses; and (4) such factors of public interest as (a) administrative problems and docket congestion resulting from transfers of cases to metropolitan centers, and (b) concerns involving the courts of one state applying foreign law, particularly when the foreign law so differs from the law of the forum that the courts of the forum would find it

---

1. The Uniform Child Custody Jurisdiction Act provides that the home state of the child has exclusive jurisdiction over the parent-child relationship. The Act defines "home state" as "the state in which the child, preceding the time involved, lived with the child's parents, a

parent, or a person acting as parent for at least six consecutive months and in the case of a child less than six months old, the state in which the child lived from birth with any of the persons mentioned." TEX.FAM.CODE ANN. §§ 152.002(6), .003 (Vernon 1998).

difficult or impossible to administer and enforce the foreign law. *See Flaiz v. Moore,* 359 S.W.2d 872, 874–75 (Tex.1962).

■ Section 6.308(b) of the Texas Family Code provides that the trial court's authority to resolve the issues in controversy between the parties may be restricted where the court lacks jurisdiction under the Uniform Child Custody Jurisdiction Act (UCCJA). *See id.* § 6.308(b). In this case, the parties' minor child has been a resident of Arizona for more than six months; therefore, pursuant to the UCCJA, the child's home state jurisdiction is Arizona. Thus, although the Texas trial court has jurisdiction over Boots and Lopez, it does not have jurisdiction to address the conservatorship of the child. However, the trial court in Arizona has jurisdiction over all of the parties and issues. Further, there is property in Arizona to be divided subject to the divorce. To require the parties to litigate two cases in two states involving similar subject matter would not be in the interest of judicial economy. We conclude the facts are not so heavily weighted in favor of either court as to reflect an abuse of discretion. *See New Process Steel Corp. v. Steel Corp. of Texas,* 638 S.W.2d 522, 525 (Tex.App.—Houston [1st Dist.] 1982, no writ). We therefore overrule Boots's sole point of error.

Accordingly, we affirm the judgment of the trial court.