Opinion issued October 7, 2004








     






In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00039-CV




RANDY GILBERT CALHOUN AND DONNA J. DETAMORE, Appellants

V.

JOYCE YING-CALHOUN AND STEVEN YING, Appellees




On Appeal from 311th District Court
Harris County, Texas
Trial Court Cause No. 2000-65540 




MEMORANDUM OPINION 
          Presenting three issues on appeal, appellants, Randy Gilbert Calhoun (Randy)
and his trial counsel Donna Detamore (Detamore), challenge orders signed by the trial
court in a post-divorce decree proceeding. In issues one and two, Randy contends
that the trial court erred in dismissing his request for the court to clarify certain
provisions of a final divorce decree entered between Randy and appellee Joyce Ying
Calhoun (Joyce). In issue three, Randy and Detamore contend that the trial court
abused its discretion in quashing the deposition of Joyce’s brother and in assessing
sanctions under Rule of Civil Procedure 13.
          We affirm.
Background
          Seven months after the trial court signed the final divorce decree between
Randy and Joyce, Randy sought to enforce certain provisions of the decree that
defined Randy’s separate property and ordered Joyce to surrender the property. In
this regard, Randy filed a motion for contempt and clarification, asserting that Joyce
had not surrendered certain items as ordered in the decree.
          Randy also filed a motion for contempt against Joyce’s brother, Steven Ying
(Steven). Randy contended that Steven had not properly responded to a subpoena
duces tecum issued in relation to Steven’s noticed deposition. In response to the
contempt motion, Steven filed a motion for Rule 13 sanctions against Randy and
Detamore. Steven later filed a motion to quash the subpoena duces tecum and a
motion for protection in relation to his deposition. 
          Following a hearing, the trial court signed an “Order on Randy Calhoun’s
Enforcement for Property Division and Clarification” on December 19, 2002. The
trial court ruled that the provisions of the decree that Randy sought to enforce were
ambiguous and thus unenforceable. For this reason, the trial court dismissed Randy’s
request for contempt with prejudice in the enforcement order. Regarding Randy’s
request for clarification, the enforcement order provided, “It is further ORDERED
that all relief requested as clarification therein is dismissed without prejudice, and
may be refiled as a separate suit.” 
          Also on December 19, 2002, the trial court signed two other orders. One order 
granted Steven’s motion to quash. The other—entitled “Order on Steven Ying’s
Answer to Contempt and Motion for Rule 13 Sanctions”—assessed $500 in sanctions
against Randy and Detamore, jointly and severally, in favor of Steven’s counsel. 
On appeal, appellants challenge both the “Order on Randy Calhoun’s Enforcement
for Property Division and Clarification” and the “Order on Steven Ying’s Answer to
Contempt and Motion for Rule 13 Sanctions.”


 
Dismissal of Clarification Request
          Relevant Family Code Provisions
          In issue one, Randy asserts that the trial court abused its discretion because the
Family Code permits the trial court to sign a clarifying order in conjunction with a 
contempt action brought to enforce a decree. 
          An action to enforce a decree is governed by chapter 9 of Title 1 of the Family
Code. See Tex. Fam. Code Ann. §§ 9.001–.302 (Vernon 2003). Family Code
section 9.002 provides that the court rendering the decree of divorce retains the power
to enforce the property division. Tex. Fam. Code Ann. § 9.002; see also Dechon v.
Dechon, 909 S.W.2d 950, 956 (Tex. App.—El Paso 1995, no writ). Under Family
Code subsection 9.012(a), the trial court may enforce by contempt an order requiring
delivery of specific property. Tex. Fam. Code Ann. § 9.012(a). The court may also
render further orders to assist in the implementation of or to clarify the prior order. 
Tex. Fam. Code Ann. § 9.006(a); see also McPherren v. McPherren, 967 S.W.2d
485, 490 (Tex. App.—El Paso 1998, no pet.); Dechon, 909 S.W.2d at 956. These
orders may more precisely specify how the previously ordered property division will
be implemented so long as the substantive division of the property is not altered. 
Tex. Fam. Code Ann. § 9.006(b); see also McPherren, 967 S.W.2d at 490; Dechon,
909 S.W.2d at 956. 
          Randy correctly asserts that the Family Code allows a party, who requests to
enforce a decree by contempt, to seek in tandem with that request, a request for
clarification of the decree’s language sought to be enforced. Although such a request
is statutorily contemplated, the Family Code does not require the trial court to make
such a clarification. 
          Family Code section 9.008(a) provides, “On the request of a party or on the
court’s own motion, the court may render a clarifying order before a motion for
contempt is made or heard, in conjunction with a motion for contempt or on denial
of a motion for contempt.” Tex. Fam. Code Ann. § 9.008(a) (emphasis added). 
Subsection (b) further provides that “[o]n a finding by the court that the original form
of the division of property is not specific enough to be enforceable by contempt, the
court may render a clarifying order setting forth specific terms to enforce compliance
with the original division of property.” Tex. Fam. Code Ann. § 9.008(b) (emphasis
added). 
          As drafted by the legislature, the statutory language of section 9.008 is
permissive in nature. When, as in section 9.008, a statute uses the word “may” it
“creates discretionary authority or grants permission or a power.” Tex. Gov’t Code
Ann. § 311.016(1) (Vernon 2003); see also Boots v. Lopez, 6 S.W.3d 292, 294 (Tex.
App.—Houston [14th Dist.] 1999, pet. denied) (holding that, because Family Code
section 6.308 provides that trial court may exercise its jurisdiction, it was within trial
court’s discretion whether to exercise partial jurisdiction over case). Section 9.008
allows a court to render a clarifying order in conjunction with a motion for contempt;
however, it does not require the court to do so. Rather, such action by the trial court
is discretionary. As indicated by the language of subsection 9.008(b), a court is not
required to issue a clarifying order even when the court finds the language of the
decree too ambiguous to enforce by contempt. Concomitantly, it was within the trial
court’s discretion in this case not to issue a clarifying order and to dismiss Randy’s
clarification request. See Tex. Fam. Code Ann. § 9.008(b). Randy has failed to cite
any authority to the contrary. See Boots, 6 S.W.3d at 294. We hold that the trial
court properly exercised its discretion when it dismissed Randy’s clarification request
without prejudice.
          We overrule issue one.
Due Process Complaint
          In issue two, Randy contends that the trial court denied him due process by
dismissing his clarification request. We disagree.
          No citizen of this State shall be deprived of life, liberty, property, privileges or
immunities, or in any manner disfranchised, except by the due course of the law of
the land. Tex. Const. art. I, § 19. Due process, at a minimum, requires notice and
an opportunity to be heard at a meaningful time and in a meaningful manner. Univ.
of Tex. Med. Sch. at Houston v. Than, 901 S.W.2d 926, 930 (Tex. 1995) (citing
Mathews v. Eldridge, 424 U.S. 319, 333, 96 S. Ct. 893, 902 (1976)); see House of
Tobacco, Inc. v. Calvert, 394 S.W.2d 654, 657-58 (Tex. 1965). The process due is
measured by a flexible standard depending on the practical requirements of the
circumstances. Mathews, 424 U.S. at 334, 96 S. Ct. at 902; see also Goss v. Lopez,
419 U.S. 565, 575-77, 95 S. Ct. 729, 738-39 (1975).
          In this case, the record reveals that Randy was given due process with respect
to his clarification request. Randy’s motion for clarification was heard and
considered by the trial court. In fact, the trial court held two hearings on Randy’s
motions.


 At the second hearing, the trial court allowed each side to present his or her
respective position with regard to the enforcement issues, including Randy’s
clarification request. Ultimately, the trial court revealed to the parties its reasoning
for dismissing the clarification request. The court explained that it believed the
clarification request would be better brought as a separate action to allow the parties
to conduct discovery and to discuss possible mediation. For those reasons, the trial
court exercised its discretion regarding Randy’s clarification motion by dismissing
it without prejudice and ordering that the clarification request “may be refiled as a
separate suit.”


 
          In his brief, Randy asserts that because he was “following a procedure allowed
by law in joining his clarification claim with his contempt action, the fact that the trial
court dismissed his clarification for relief [sic] without prejudice . . . in no way
diminishes the trial court’s error.” However, as discussed with regard to the first
issue, it was within the trial court’s discretion to dismiss the clarification request. 
Thus, Randy’s argument under this issue likewise fails.


 
          We overrule issue two.
Rule 13 Sanctions
          In issue three, Randy and Detamore complain that the trial court abused its
discretion in sanctioning them. In support of their argument, appellants contend that
the sanctions assessed against them were tied to Steven’s motion to quash and that
the motion to quash should not have been granted because it was untimely. 
Appellants assert that “[t]he trial court was without authority to grant Steven’s motion
to quash and [,] therefore, the award of sanctions is likewise unauthorized.” 
Appellants’ argument, however, is based on a mistaken premise. The sanctions
awarded against appellants were not based on Steven’s motion to quash; rather, the
trial court awarded the sanctions based on Steven’s motion for Rule 13 sanctions,
which asserted that Randy and Detamore had, in bad faith, filed a groundless motion
for contempt against Steven. Rule of Civil Procedure 13 authorizes a trial court to
impose sanctions against an attorney, a represented party, or both, who file a
groundless pleading brought in bad faith or brought for the purpose of harassment. 
Tex. R. Civ. P. 13. Here, the trial court stated on the record and in its order that the
Rule 13 sanctions awarded against appellants were assessed for appellants’ filing of
the motion for contempt against Steven. The sanctions were not tied to the motion
to quash. Thus, because the award of sanctions was not based on or related to the
motion to quash, appellants’ argument does not support their contention that the trial
court abused its discretion in ordering sanctions.
          We overrule issue three.
Rule 45 Sanctions
          In their responsive brief, appellees “suggest” that we assess appellate sanctions
against Randy on the basis that his appeal is frivolous. Rule 45 of the Rules of
Appellate Procedure permits an appellate court to award a prevailing party “just
damages” for “frivolous” appeals. Tex. R. App. P. 45; Smith v. Brown, 51 S.W.3d
376, 380 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). In determining whether
an appeal is frivolous, we apply an objective test. Smith, 51 S.W.3d at 381. We
review the record from the viewpoint of the advocate and ask whether the advocate
had reasonable grounds to believe the judgment could be reversed. Id. We exercise
prudence and caution and deliberate most carefully before awarding appellate
sanctions. Id.
          Although there is no merit to appellants’ appeal, we decline to conclude that
Randy has frivolously attempted to challenge the post-decree orders of the trial court.
Conclusion
          We affirm the trial court’s “Order on Randy Calhoun’s Enforcement for
Property Division and Clarification” and the “Order on Steve Ying’s Answer to
Contempt and Motion for Rule 13 Sanctions.” We deny appellees’ request for
appellate sanctions.




                                                             Laura Carter Higley
                                                             Justice

Panel consists of Justices Nuchia, Hanks, and Higley