Affirmed and Memorandum Opinion filed October 20, 2005









Affirmed
and Memorandum Opinion filed October 20, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00988-CV

____________

 

ARCHIE D. BELL, Appellant

 

V.

 

TRACEY R. MCCARTY, Appellee

 



 

On Appeal from the 300th
District Court

Brazoria County, Texas

Trial Court Cause No. 29645

 



 

M E M O R A N D U M   O P I N I O N

In this case under the Uniform Child
Custody Jurisdiction and Enforcement Act (AUCCJEA@), appellant
Archie D. Bell appeals from the trial court=s orders (1)
dismissing, with prejudice, his petition for divorce and temporary restraining
order and (2) denying his motion to set aside the order of dismissal and
reinstate temporary orders.  We affirm.

Factual and
Procedural Background








 According to Bell=s testimony, he
lived with appellee Tracey R. McCarty in Brazoria County continuously from
September 1997 until November 3, 2003. 
On July 5, 1998, McCarty gave birth to H.A.B.  On November 3, 2003, McCarty moved to West
Virginia with  H.A.B.  Bell stated McCarty told him she was going to
West Virginia temporarily to visit her mother and see about going to school
there.  Bell subsequently learned McCarty
had developed a relationship with a man in Ohio and was traveling back and
forth between the two states.  At that
time Bell did not know the child=s location. 

On July 13, 2004, Bell filed an Original
Petition for Divorce, Temporary Restraining Order, and Order Setting Hearing
for Temporary Orders for July 22, 2004. 
McCarty was served in West Virginia on July 20, 2004, but did not appear
at the July 22 hearing and did not file any pleadings or serve Bell.  Based on the evidence presented, the trial
court concluded Bell proved a prima facie showing of a common law marriage, and
the trial court recognized a common law marriage.

On July 23, McCarty filed a special
appearance.  She alleged  lack of personal jurisdiction under Texas
Family Code Section 102.011(b).[1]  She also alleged lack of subject matter
jurisdiction under Texas Family Code section 152.201 and requested the court to
dismiss the case.[2]  In the alternative, if the court concluded it
had subject matter jurisdiction to determine child custody, McCarty requested
the court to decline jurisdiction or stay proceedings on the ground of forum
non conveniens.  McCarty also requested
attorney=s fees and
expenses.

On July 23, 2004, the trial court
concluded it had jurisdiction over the parties and the subject matter and
signed temporary orders.  The trial court
ordered McCarty to return the child to Brazoria County immediately and/or
arrange for Bell to retrieve the child from McCarty=s possession in
West Virginia, Ohio, or wherever the child could be found.








According to Bell=s counsel, Bell
immediately went to West Virginia to take possession of his child, but was
denied access.  He remained in West
Virginia to hire counsel to enforce the trial court=s temporary orders
and to attempt to locate and serve McCarty with pleadings for an enforcement
hearing in West Virginia.

On July 30,2004, McCarty filed a AMotion to Dismiss
for Lack of Jurisdiction and Motion to Set Aside Void Order and set it for
hearing on August 16, 2004.[3]  The trial court heard the motion on August
16, but neither Bell nor his counsel appeared. 
McCarty=s counsel appeared briefly to address the
issue of attorney=s fees. 
The same day, the trial court entered a written order stating, in part:

The Court determined that the 300th
District Court in Brazoria County, Texas did not have jurisdiction to make an
initial child custody determination in this case.  '152.201, Texas Family Code.

IT IS THEREFORE ORDERED that this
case is dismissed with prejudice and the Temporary Orders of July 23, 2004, are
declared to be void.

 

Bell then filed a Motion to Set Aside
Order of Dismissal and to Reinstate Temporary Orders set for September 8,
2004.  The trial court orally denied Bell=s motion that day,
and Bell filed a notice of appeal on October 8, 2004.[4]  On January 6, 2005, the trial court entered a
written order stating, AThis entire case is dismissed pursuant to
the August 16, 2004 Order of Dismissal previously entered in this case.@

Discussion

Issue Two: Conservatorship of the Child








In issue two, Bell contends Athe trial court
abused its discretion by not recognizing that the trial court that has
jurisdiction to grant a common law divorce shall acquire dominant jurisdiction
over a parent‑child suit that may be or has been filed elsewhere.@   Subject matter jurisdiction is a question of
law, to which we apply a de novo standard of review. Mayhew v. Town of
Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998); see In re B.A.B.,
124 S.W.3d 417, 419 (Tex. App.CDallas 2004, no
pet.) (stating same in context of action under UCCJEA).

Bell 
argues because the trial court had jurisdiction over his divorce action,
it therefore had jurisdiction to address conservatorship of the child.  In support, Bell relies on Texas Family Code
section 6.406(b), which provides for the mandatory joinder of a suit affecting
the parent-child relationship with a suit for dissolution of a marriage.  Tex.
Fam. Code Ann. ' 6.406(b) (Vernon 1998). Bell also cites
section 103.002(b), which provides for transfer of a suit affecting the
parent-child relationship to a court where a suit for dissolution of the
parents= marriage is
pending.  Tex. Fam. Code Ann. ' 103.002(b)
(Vernon 2002).  We assume, without
deciding, the trial court could have exercised jurisdiction over the divorce
proceeding and personal jurisdiction over McCarty in that proceeding.  See Tex.
Fam. Code '' 6.301, .305 (setting forth, respectively,
general residency rule for divorce suits and grounds for acquiring jurisdiction
over non-resident respondent).

Except for temporary emergency
jurisdiction, however, a Texas court has jurisdiction to make an initial child
custody determination only under the provisions of Texas Family Code section
152.201(a).  See Tex. Fam. Code Ann. ' 152.201(a), (b).
(Vernon 2002).  If a provision of the UCCJEA
conflicts with another provision of Title 5 (concerning the parent-child
relationship and the suit affecting the parent child relationship) or another
Texas statute or rule and the conflict cannot be resolved, the UCCJEA prevails.  See id. ' 152.002.

Under section 152.201(a), a Texas court
has jurisdiction to make the initial child custody determination
only if:

(1) this state is the home state of the child on the date of the commencement
of the proceeding, or was the home state of the child within six months before the commencement of the proceeding
and the child is absent from this state but a parent or
person acting as a parent continues to live in this state;








(2)
a court of another state does not have jurisdiction under Subdivision (1), or a
court of the home state of the child
has declined to exercise jurisdiction on the ground that this state is the more
appropriate forum under Section 152.207 or 152.208, and:

(A) the child
and the child=s parents, or
the child and at least one parent or a person acting as a
parent, have a significant connection with this state other than mere physical
presence; and

(B) substantial evidence is
available in this state concerning the child's care,
protection, training, and personal relationships;

(3) all courts having jurisdiction
under Subdivision (1) or (2) have declined to exercise jurisdiction on the
ground that a court of this state is the more appropriate forum to determine
the custody of the child under Section 152.207 or 152.208;
or

(4) no court of any other state
would have jurisdiction under the criteria specified in Subdivision (1), (2),
or (3).

 

Id. ' 152.201(a).  As relevant to this case, Ahome state@ means Athe state in which
a child lived with a parent or a person acting as a parent for at least six
consecutive months immediately before the commencement of
a child custody proceeding.@  Id. ' 152.102(7).  AA period of
temporary absence of a parent or a person acting as a parent is part of the
period.@  Id.

It is undisputed H.A.B. left Texas on
November 3, 2003, over seven months before Bell commenced proceedings on July
13, 2004.  Bell does not contend H.A.B.
was elsewhere than in West Virginia during that time.  Accordingly, the trial court correctly
determined it did not have jurisdiction to make an initial child custody
determination in relation to H.A.B.  See
Boots v. Lopez, 6 S.W.3d 292, 295 (Tex. App.CHouston [14th
Dist.] 1999, pet. denied) (observing parties= minor child had
been resident of Arizona for more than six months; therefore, pursuant to the
UCCJA, child=s home state jurisdiction was Arizona; and,
although Texas trial court had jurisdiction over parties, it did not have
jurisdiction to address conservatorship of child).

We overrule Bell=s second issue.

Issue One: the Divorce








In issue one, Bell argues the trial court Aabused its
discretion by denying him the ability to obtain a divorce by common law in the
only trial court jurisdiction available to him for that purpose when it denied
his motion to set aside the prior dismissal order and to reinstate temporary
orders.@  The test for an abuse of discretion is
whether the trial court acted without reference to guiding rules and
principles, that is, acted in an arbitrary or unreasonable manner.  Boots v. Lopez, 6 S.W.3d at 294.  The fact the trial court may decide a matter
within its discretion in a different manner than we would does not demonstrate
an abuse of discretion has occurred.  Id.  Given the trial court=s determination it
did not have jurisdiction over the conservatorship proceeding, the trial court
was within its discretion also to dismiss the divorce proceeding.  See id. at 294B95.[5]

Bell argues, however, that because the
trial court denied him Aa divorce by common law,@ he is now unable
to obtain a divorce and remains in a perpetually married state.  He contends this is so because West Virginia
does not recognize common-law, de facto, or informal marriages.  In support he cites State v. Bragg,
163 S.E.2d 685, 687 (W. Va. 1968), and Meade v. State Compensation Comm=r, 125 S.E.2d 771,
777 (W. Va. 1962).

We conclude Bell has not established that
he is unable to obtain a divorce in West Virginia or that he otherwise remains
in a perpetually married state.  As his
own authorities state, West Virginia does recognize common-law marriages
created or consummated in another state if common-law marriages are recognized
as valid in that state.  Bragg,
163 S.E.2d at 687B88; Meade, 125 S.E.2d at 777.  Moreover, as McCarty observes, if before the
second anniversary of the date she and Bell separated and ceased to live
together, no one commences a proceeding seeking to prove McCarty and Bell=s informal
marriage, there exists a rebuttable presumption McCarty and Bell did not agree
to enter into an agreement to be married. 
See Tex. Fam. Code Ann.
' 2.401(b) (Vernon
1998).








The trial court did not abuse its
discretion in dismissing the divorce proceeding with the conservatorship
proceedings.  We overrule Bell=s first issue.

Conclusion

Having overruled Bell=s first and second
issues, we affirm the judgment of the trial court.

 

 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed October 20, 2005.

Panel
consists of Chief Justice Hedges and Justices Yates and Anderson.











[1]  Tex. Fam. Code Ann. ' 102.011(b) (Vernon 2002).





[2]  Tex. Fam. Code Ann. ' 152.201 (Vernon 2002).





[3]  This document
is not in the appellate record, but both parties refer to the filing.





[4]  We treat the
notice of appeal as a prematurely filed notice. 
See Tex. R. App. P. 27.1(a).





[5]  In the present
case, as in Boots, McCarty alleged lack of subject matter jurisdiction
and also requested dismissal on the ground of forum non-conveniens.  The trial court in the present case
determined it did not have jurisdiction to make an initial child custody
determination and dismissed the divorce action without stating any ground.