Affirmed as Modified and Memorandum Opinion filed July 14, 2009








Affirmed as Modified and Memorandum Opinion filed July 14, 2009.

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-08-00131-CV

_______________

 

JOYCE GAIL CHURCH, Appellant

 

V.

 

KENNETH RICHARD QUICK, Appellee

                                                                                                                                               


On Appeal from the 246th District Court

Harris County, Texas

Trial Court Cause No. 2007-21207

                                                                                                                                               


 

M E M O R A N D U M    O P I N I O N

In this restricted appeal, a
nonresident spouse contends the trial court lacked jurisdiction to grant the
resident spouse=s request for divorce and make rulings concerning attorneys= fees, tax matters, and spousal
maintenance.  Because the trial court lacked personal jurisdiction over the
nonresident spouse, we modify the judgment to eliminate all relief other than
the divorce, and we affirm the judgment as modified.








I.  Factual
and Procedural Background

Appellant Joyce Gail Church and
appellee Kenneth Richard Quick were married in  Ohio and resided there when
they separated.  Quick then moved to Texas and filed for divorce in Harris County,
while Church filed for divorce in Ohio. 

Church filed a special appearance in
the Texas divorce suit and moved to dismiss for lack of jurisdiction; Quick
similarly moved to stay or dismiss the Ohio divorce proceedings. On July 31,
2007, the Harris County trial court found that it lacked personal jurisdiction
over Church and granted her special appearance.  The trial court further found
that it had jurisdiction to grant the divorce, and denied Church=s motion to dismiss.

Quick then moved for a default
judgment of divorce, which the trial court granted.  Contrary to its earlier
ruling, the trial court included in the decree a finding that it had personal
jurisdiction over all parties.  Although it did not divide the parties= existing property, the trial court
stated that payments made by one party to the other party in accordance with
the allocation provisions for payment of federal income taxes would not be
deemed income to the party receiving such payments but were instead part of the
property division and necessary for a just and right division of the parties= estate.  The trial court ordered
Church and Quick to furnish tax information to one another and ordered each to
indemnify the other Afrom any tax liability associated with the reporting party=s individual tax return@ unless the parties otherwise
agreed.  Moreover, the trial court ruled that Church was ineligible for spousal
maintenance under chapter eight of the Texas Family Code, denied her Aany form of court-ordered spousal
maintenance,@ and ordered each party to pay his or her own attorneys= fees, costs, and expenses.

After the deadline to file a motion
for a new trial expired, Church filed several post-judgment motions subject to
her personal appearance.  Her motions were denied, and she timely filed a
notice of restricted appeal on February 14, 2008.








II.  Issues
Presented

In three issues, Church contends that
(a) the trial court abused its discretion by exercising partial
jurisdiction to grant Quick=s petition for divorce; (b) the trial court exceeded its
jurisdiction by addressing spousal maintenance, attorneys= fees, and federal income tax
obligations in the judgment; and (c) legally insufficient evidence
supports the parts of the judgment addressing spousal maintenance, attorneys= fees, and federal income tax
obligations.

III. 
Analysis

A.        Standard
of Review

To prevail on a restricted appeal, an
appellant must establish that (1) she filed a notice of the restricted appeal
within six months after the judgment was signed; (2) she was a party to the
underlying lawsuit; (3) she did not participate in the hearing that resulted in
the judgment complained of and did not timely file any postjudgment motions or
requests for findings of fact and conclusions of law; and (4) error is apparent
on the face of the record.  See Alexander v. Lynda=s Boutique, 134 S.W.3d 845, 848 (Tex. 2004). 
Here, some of the errors alleged are jurisdictional; thus, we consider these
issues first. 








The determination as to whether a
trial court has jurisdiction of a case is a question of law that is reviewed de
novo.  Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998); Patton
v. Jones, 212 S.W.3d 541, 545 (Tex. App.BAustin 2006, pet. denied).  A Texas
court may exercise personal jurisdiction over a non-resident respondent in a
divorce suit Aif there is any basis consistent with the constitutions of this state and
the United States for the exercise of the personal jurisdiction.@  Tex.
Fam. Code Ann. '6.305(a)(2) (Vernon 2006).  Thus, a judgment is void for lack
of personal jurisdiction if it is rendered contrary to a constitutional or
valid statutory prohibition.  Mapco, Inc. v. Forrest, 795 S.W.2d 700,
703 (Tex.1990)(orig. proceeding) (per curiam); see also Alfonso v. Skadden,
251 S.W.3d 52, 55 (Tex. 2008) (per curiam) (AThe presumption supporting judgments
does not apply when the record affirmatively reveals a jurisdictional defect .
. . .@), cert. denied, 129 S. Ct. 402, 172 L. Ed. 2d 286 (2008).  By
filing a special appearance, a non-resident assumes the burden to negate all
bases of personal jurisdiction alleged.  Am. Type Culture  Collection, Inc.
v. Coleman, 83 S.W.3d 801, 807 (Tex. 2002);  Kawasaki Steel Corp. v.
Middleton, 699 S.W.2d 199, 203 (Tex. 1985) (per curiam).  

B.        Scope
of Jurisdiction

In her second issue, Church contends
that the trial court exceeded its jurisdiction by addressing spousal
maintenance, attorneys= fees, and federal income tax obligations in the judgment. 
Although the issue as stated ignores the fact that the trial court=s final order includes a finding of
personal jurisdiction, Church nevertheless argues that there is no basis for a
finding of personal jurisdiction over her, and in the absence of in personam
jurisdiction, a court may not enter an order binding on both parties regarding
such matters as spousal maintenance or other decrees involving personal
obligations.  See Fox v. Fox, 559 S.W.2d 407, 410 (Tex. Civ. App.CAustin  1977, no writ).  








Here, Quick=s petition contained no
jurisdictional allegations, and Church produced uncontroverted evidence that
she is a resident of Ohio, was married to Quick in Ohio, owns no property in
Texas, has no contacts with Texas, and has conducted no business in Texas. 
Thus, the face of the record establishes the trial court=s lack of personal jurisdiction over
Church.  The trial court nevertheless expressly stated in its final judgment
that its ruling requiring each party to pay his or her own attorneys= fees, expenses, and costs was made A[t]o effect an equitable division of
the estate of the parties.@  In addition, the trial court ordered each party to
(a) prepare a separate tax return for 2007, (b) Aindemnify and hold the other party
and his or her property harmless from any tax liability associated with the
reporting party=s individual tax return@ unless otherwise agreed, and
(c) Afurnish such information to the other party as is requested to prepare
federal income tax returns for 2007.@  Moreover, the trial court decreed
that Aall payments made to the other party
in accordance with the allocation provisions for payment of federal income
taxes contained in this Final Decree of Divorce . . . are
part of the property division and necessary for a just and right division of
the parties= estate.@  Such orders impose personal obligations upon Church despite the absence
of personal jurisdiction.  The trial court had jurisdiction to grant the
divorce, but did not have jurisdiction to adjudicate such property rights. 
Thus, these orders are void.

In arguing against this conclusion,
Quick relies on the following language from Texas Rule of Civil Procedure 108: 

A defendant served [outside the
State] with such notice shall be required to appear and answer in the same
manner and time and under the same penalties as if he had been personally
served with a citation within this State to the full extent that he may be
required to appear and answer under the Constitution of the United States in an
action either in rem or in personam.

Tex. R. Civ.
P. 108.  According to
Quick, Church was required to file an answer and appear for trialCafter the trial court granted her
special appearanceCsimply because she was served.  In a similar argument, Quick
contends that by filing a restricted appeal in Texas, Church submitted herself
to the jurisdiction of the court.  In support of this argument he relies on Ackerly
v. Ackerly[1] and Cates
v. Pon.[2]  Both Ackerly
and Cates are based on Texas Rule of Civil Procedure 123, which
provides that A[w]here the judgment is reversed on appeal or writ of error for the
want of service, or because of defective service of process, no new
citation shall be issued or served, but the defendant shall be presumed to have
entered his appearance . . . .@ (emphasis added).  








Each of Quick=s arguments misses the mark.  Church
does not contend that service was lacking or procedurally defective, but argues
instead that she was not amenable to process; thus, Texas Rule of Civil
Procedure 120a applies, not Rule 108.  See Tex. R. Civ. P. 120a(1) (ANotwithstanding the  provisions of
Rules 121, 122 and 123, a special appearance may be made by any party either in
person or by attorney for the purpose of objecting to the jurisdiction of the
court over the person or property of the defendant on the ground that such
party or property is not amenable to process issued by the courts of this
State.@); Boyo v. Boyo, 196 S.W.3d
409, 418 (Tex. App.CBeaumont 2006, no pet.) (AA special appearance under Rule 120a
does not contest service of process; a special appearance contests whether a
defendant is amenable to processCwhether it has sufficient contacts
with Texas to satisfy due process and the Texas long arm statute.@); see also Kawasaki Steel Corp.
v. Middleton, 699 S.W.2d 199, 203 (Tex. 1985) (per curiam) (AWe hold that defective jurisdictional
allegations in the petition, defective service of process, and defects in the
citation must be challenged by a motion to quash, not a special appearance.@).  

Rule 120a(4) additionally provides as
follows:

If the objection to jurisdiction is
overruled, the objecting party may thereafter appear generally for any
purpose.  Any such special appearance or such general appearance shall not be
deemed a waiver of the objection to jurisdiction when the objecting party or
subject matter is not amenable to process issued by the courts of this State.

In its final judgment, the trial
court concluded that it had personal jurisdiction over Church, effectively
overruling her objection to jurisdiction; thus, Rule 120a(4) applies here. 
Because Church actually is not amenable  to Texas process, her objection to the
trial court=s exercise of jurisdiction was not waived by a subsequent general
appearance, such as her appearance in this court.              

We conclude that the face of the
record demonstrates the trial court=s lack of personal jurisdiction over
Church; thus, its orders regarding spousal maintenance, attorneys= fees, and tax obligations are void. 
We therefore sustain Church=s second issue.  In light of our disposition of this issue,
her third issue is moot.

C.        Partial
Jurisdiction








In her first issue, Church contends
the trial court abused its discretion by exercising partial jurisdiction to
grant Quick=s petition for divorce.  For several reasons, we must reject this
argument.  First, this assertion of error does not match Church=s complaint at trial.  See Tex. R. App. P. 33.1(a)(1).  At trial,
and subject to her special appearance, Church moved to dismiss the entire suit
for lack of jurisdiction; she did not ask the trial court to decline to
exercise the partial jurisdiction that it actually possessed.[3] 
Second, the trial court=s lack of personal jurisdiction has no bearing on this
issue:  because a divorce is an adjudication of a resident=s status, the trial court can grant a
divorce to a resident even without personal jurisdiction over a nonresident
spouse.  See Dawson-Austin v. Austin, 968 S.W.2d 319, 324 (Tex. 1998)
(explaining that trial court can Agrant a divorceCan adjudication of parties= statusCwithout having jurisdiction to divide
their propertyCan adjudication of parties= rights@).  Third, Church cites no cases in
which the trial court=s exercise of jurisdiction to grant a divorce was found to be
an abuse of discretion, but instead relies exclusively Boots v. Lopez. 
6 S.W.3d 292, 294 (Tex. App.CHouston [14th Dist.] 1999, pet. denied).  There, we found no
abuse of discretion in the trial court=s refusal to exercise partial
jurisdiction when it had personal jurisdiction over the spouses, but no
jurisdiction to address child custody.  Id.; see also Tex. Fam. Code Ann. ' 152.207 (Vernon 2009)
(permitting application of statutes similar to forum non conveniens doctrine
in cases that involve custody disputes).[4] 
As previously discussed, however, the trial court here does not have personal
jurisdiction over Church.

In sum, the face of the record does
not demonstrate that the trial court erred in exercising its valid jurisdiction
to grant the divorce.  We therefore overrule Church=s first issue. 








D.        Modification
of the Judgment

When reversing a trial court=s judgment, we must render the
judgment that the trial court should have rendered except when remand is
required.  Tex. R. App. P. 43.3. 
We therefore may modify the trial court=s judgment and affirm it as modified. 
Tex. R. App. P. 43.2.  Here, the
trial court=s final divorce decree was void only in part.  See Browning v. Prostok,
165 S.W.3d 336, 346 (Tex. 2005) (AA judgment is void only when it is
apparent that the court rendering judgment >had no jurisdiction of the parties or
property, no jurisdiction of the subject matter, no jurisdiction to enter the
particular judgment, or no capacity to act.=@ (quoting Browning v. Placke,
698 S.W.2d 362, 363 (Tex. 1985) (per curiam))); Dosamantes v. Dosamantes,
500 S.W.2d 233, 236 (Tex. Civ. App.CTexarkana 1973, writ dism=d) (explaining that a divorce action
by a resident is directed to the resident=s marital status, and hence, is quasi
in rem).  The trial court had jurisdiction to grant a divorce to Quick, as a
resident, even though it lacked personal jurisdiction over Church, his
nonresident spouse.  See Dawson-Austin, 968 S.W.2d 319 (Tex. 1998).  We
therefore modify the judgment to eliminate only those orders that exceed the
trial court=s jurisdiction. 

IV. 
Conclusion

Because only part of the judgment
exceeded the trial court=s jurisdiction, we modify the text of the judgment as
follows:

FINAL DECREE OF DIVORCE

On Aug 10, 2007 the Court heard this case.

Appearances

Petitioner, KENNETH RICHARD QUICK, appeared in person
and through attorney of record, GEORGE M. CLIFTON, and announced ready for
trial.

Record

The record of testimony was duly reported by the court
reporter for the 246th Judicial District Court.

Jurisdiction and Domicile








The Court finds that the pleadings of the Petitioner
are in due form and contain all the allegations, information, and prerequisites
required by law.  The Court after receiving evidence, finds that it has
personal jurisdiction over Petitioner Kenneth Richard Quick and his request
that the court dissolve his marriage to Joyce Gail Church, and that at least
sixty days have elapsed since the date the suit was filed.  The Court finds
that, at the time this suit was filed, Petitioner had been a domiciliary of
Texas for the preceding six-month period and a resident of the county in which
this suit was filed for the preceding ninety-day period. 

Jury

A jury was waived, and questions of fact and of law
were submitted to the Court.

Divorce

IT IS ORDERED AND DECREED that KENNETH RICHARD QUICK,
Petitioner, and JOYCE GAIL CHURCH, Respondent, are divorced and that the
marriage between them is dissolved on the grounds of insupportability.

Clarifying Orders

Without affecting the finality of this Final Decree of
Divorce, this Court expressly reserves the right to make orders necessary to
clarify and enforce this decree.

Relief Not Granted

IT IS ORDERED AND DECREED that all relief requested in
this case and not expressly granted is denied.  This is a final judgment for
which let execution and all writs and processes necessary to enforce this
judgment issue.  This judgment finally disposes of all claims and parties over
which the court has jurisdiction and is appealable.

Date of Judgment

SIGNED on 8/21/07.            

 

We further affirm the judgment as
modified, and dismiss all remaining claims for want of jurisdiction.

 

 

/s/        Eva M. Guzman

Justice

 

Panel consists of Justices Anderson,
Guzman, and Boyce. 









[1]  13 S.W.3d 454, 458 (Tex. App.CCorpus Christi 2000, no pet.).





[2]  663 S.W.2d 99, 102 (Tex. App.CHouston [14th Dist.] 1983, writ ref=d n.r.e.).





[3]  In her motion entitled, ASubject to Respondent=s Special Appearance[,] Respondent=s
Motion to Dismiss for Lack of Jurisdiction,@
Church stated, ARespondent claims this Honorable Court is without
authority to determine the subject in controversy because Plaintiff=s Petition shows on its face that the Court does not
have subject matter jurisdiction.@ 
This statement is followed by five numbered sentences, the last of which
provides: AOhio is the more appropriate forum for this litigation
as it has jurisdiction over all justiciable issues in this matter, including
personal jurisdiction of both parties and subject matter jurisdiction.@  In the context in which it appears, this statement
does not appear to ask the trial court, in the use of its discretion, to
decline to exercise that jurisdiction it actually possessed. 





[4]  Significantly, however, the doctrine of forum non
conveniens applies only if the trial court has jurisdiction over the
parties.  See Exxon Corp. v. Choo, 881 S.W.2d 301, 302 n.2 (Tex. 1994) (ABefore a court may invoke forum non conveniens, the
court must find that it has jurisdiction over the defendant.@).