**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 15, 2009

Charles R. Fulbruge III
Clerk

No. 08-41305
Summary Calendar

RENATA LUISA SILVA PISCETTA O'KEEFE; ISABELLA PISCETTA
O'KEEFE; BARRY O'KEEFE; JANICE O'KEEFE,

Plaintiffs–Appellants,

v.

NOBLE DRILLING CORPORATION, doing business as Noble Drilling
Services Inc.; NOBLE DRILLING U.S. INC.; NOBLE DRILLING
INTERNATIONAL INC.; NOBLE DRILLING EXPLORATION COMPANY;
NOBLE DO BRASIL LTD.; NOBLE DRILLING (PAUL WOLFF) LTD.;
NOBLE DRILLING SERVICES INC.; NOBLE INTERNATIONAL, LTD.,

Defendants–Third Party Plaintiffs–Appellees,

SCHLUMBERGER LIMITED,

Third Party Defendants–Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:05-CV-688

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.

The O'Keefes, the family of an Australian national who died while working as a directional driller off the coast of Brazil, appeal from a district court order dismissing their wrongful death action for forum non conveniens. The O'Keefes argue that the district court erred by (1) failing to defer to a previous denial of a motion to dismiss for forum non conveniens issued by another district court judge in the case; (2) granting the motion to dismiss for forum non conveniens; and (3) failing to include sufficient conditions in its order dismissing the case. For the reasons discussed below, we affirm the district court's order dismissing the case.

## I

Peter John O'Keefe, an Australian national and resident of Brazil, died while working as a directional driller off the coast of Brazil after allegedly receiving inadequate medical care aboard the *Noble Paul Wolff*. The *Noble Paul Wolff* is a semisubmersible drilling rig owned and operated by Paul Wolff, a subsidiary of the Noble Corporation, and Noble and several of its affiliated Brazilian corporations are defendants in this case. Noble has brought third-party claims against Schlumberger Limited, the parent company of O'Keefe's employer, Schlumberger Servicos de Petroleo Ltda., a Brazilian company.

O'Keefe went to the infirmary aboard the rig with complaints of a sore throat and was treated by Dr. Carla Bastos, a Brazilian doctor employed by Noble. He received medical treatment and returned to his quarters. Later that evening, he returned to the infirmary unable to breathe, and he went into cardiac arrest and passed away.

The surviving members of O'Keefe's family filed suit against Noble, alleging that O'Keefe's death was caused by inadequate emergency care. The case was first assigned to Judge Samuel B. Kent. Judge Kent denied Noble's

R. 47.5.4.

motion to dismiss for forum non conveniens, finding that the O'Keefes' choice of forum should not be upset because both parties had presented equally credible expert testimony, and therefore the movants had not carried their burden of proving the existence of an available forum. Noble proceeded with its defense and filed a third-party complaint against Schlumberger based on its alleged role in O'Keefe's death.[1] Thereafter, this case was transferred from Judge Kent's docket to Judge Melinda Harmon's docket.

The parties experienced many difficulties in procuring and providing discovery located in Brazil. Noble has commenced proceedings in Brazil to obtain documents and the issuance of compulsory process on witnesses to secure their deposition testimony, but the Brazilian tribunal has not yet ruled as to whether it will grant Noble's request. Noble also requested documents from the O'Keefes through written discovery pursuant to the Federal Rules of Civil Procedure. After waiting for almost two years, Noble filed a motion to compel. The magistrate judge recommended that the district court grant the motion to compel and also suggested that if discovery was not forthcoming, the district court should reconsider the motion to dismiss for forum non conveniens.

Schlumberger then filed a motion to dismiss for forum non conveniens and to reconsider the denial of Noble's motion to dismiss for forum non conveniens. Judge Harmon granted the motion to dismiss, and in doing so, Judge Harmon recognized that Judge Kent had previously denied Noble's motion to dismiss for forum non conveniens and that Schlumberger's current motion was very similar to Noble's previous motion. Judge Harmon concluded,

> [G]iven the events in this lawsuit since it was
> transferred to this court as well as information that was
> either not presented to, not considered by, or otherwise
> not available to the predecessor court, it is the opinion

---

[1] Noble's third-party complaint included other corporations affiliated with Schlumberger; however, only Schlumberger Limited is involved in this appeal.

of this court that the case should now be dismissed in favor of a more appropriate forum.

The O'Keefes appeal from this order.

## II

The O'Keefes first argue that Judge Harmon erred in granting the motion to dismiss for forum non conveniens in light of Judge Kent's previous denial of Noble's motion to dismiss for forum non conveniens, and that Judge Harmon should have reviewed Judge Kent's previous denial for an abuse of discretion. We review a district court's decision to reconsider a prior judge's interlocutory ruling for abuse of discretion.[2] Under the law of the case doctrine, "when a district judge has rendered a decision in a case, and the case is later transferred to another judge, the successor should not ordinarily overrule the earlier decision."[3] However, the law of the case doctrine "is a rule of convenience and utility and yields to adequate reason, for the predecessor judge could always have reconsidered his initial decision so long as the case remained in his court."[4] A judge to whom a case has been transferred has the same power to reconsider prior rulings as the predecessor judge.[5]

Judge Harmon did not abuse her discretion in reconsidering the motion to dismiss for forum non conveniens. Judge Harmon noted that Schlumberger's motion was very similar to the motion previously submitted by Noble, but that "given the events in this lawsuit since it was transferred to this court as well as information that was either not presented to, not considered by, or otherwise not available to the predecessor court," the motion to dismiss for forum non

---

[2] *Loumar, Inc. v. Smith*, 698 F.2d 759, 763 (5th Cir. 1983); *Gallimore v. Missouri Pac. R.R. Co.*, 635 F.2d 1165, 1171 (5th Cir. 1981).

[3] *Loumar*, 698 F.2d at 762.

[4] *Id.*

[5] *Abshire v. Seacoast Prods., Inc.*, 668 F.2d 832, 837-38 (5th Cir. 1982).

conveniens should now be granted. Since the time that Judge Kent denied Noble's motion to dismiss for forum non conveniens, Noble filed claims against Schlumberger as a third-party defendant, the parties had been unable to procure and provide discovery located in Brazil, and the district court learned that the O'Keefes had filed a motion to toll the statute of limitations in a Brazilian court. Judge Harmon had the same power to reconsider the motion to dismiss for forum non conveniens as Judge Kent would have had, and she was not required to defer to Judge Kent's previous ruling.

## III

The O'Keefes next argue that the district court erred in its decision to grant the motion to dismiss for motion non conveniens. We review a district court's dismissal on the basis of forum non conveniens for clear abuse of discretion.[6] In reviewing forum non conveniens decisions, our duty is "to review the lower court's decisionmaking process and conclusion and determine if it is reasonable; our duty is not to perform a de novo analysis and make the initial determination for the district court."[7]

In deciding whether to dismiss a case for forum non conveniens, the district court must first determine whether an adequate alternative forum is available.[8] If an alternative forum is both adequate and available, the district court must then weigh various private and public interest factors to determine whether dismissal is warranted.[9] Ultimately, the "inquiry is where trial will

---

[6] *Gonzalez v. Chrysler Corp.*, 301 F.3d 377, 379 (5th Cir. 2002) (citing *Baumgart v. Fairchild Aircraft Corp.*, 981 F.2d 824, 835 (5th Cir. 1993)).

[7] *In re Air Crash Disaster Near New Orleans, La. on July 9, 1982*, 821 F.2d 1147, 1167 (5th Cir. 1987) (en banc) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257-58 (1981)), *vacated on other grounds sub nom. Pan Am. World Airways, Inc. v. Lopez*, 490 U.S. 1032 (1989), *opinion reinstated except as to damages*, 883 F.2d 17 (5th Cir. 1989).

[8] *Id.* at 1165.

[9] *Id.*

best serve the convenience of the parties and the interests of justice."[10] A plaintiff's choice of forum is not conclusive, and "a foreign plaintiff's selection of an American forum deserves less deference than an American citizen's selection of his home forum."[11] The defendant has the burden of proof on all elements.[12]

The O'Keefes argue that the district court erred in finding Brazil to be an available and adequate alternative forum. An alternative forum is available when "the entire case and all parties can come within the jurisdiction of that forum."[13] An alternative forum "is adequate when the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy the same benefits as they might receive in an American court."[14]

The district court did not abuse its discretion in determining that Brazil is an available forum for this litigation. The O'Keefes contend that Brazilian courts will not accept this case because O'Keefe died on a Panamanian-flagged vessel, which Brazilian courts recognize as foreign territory, and that a Brazilian court would hold that suit would be proper in the domicile of the defendant. However, the district court found that because the most directly involved parties could definitely be brought before the Brazilian courts, and the parent corporations could likely be brought before them, Brazil is an available forum. This finding was bolstered by the fact that Noble and Schlumberger have agreed to a lawsuit in Brazil.

---

[10] *DTEX, LLC v. BBVA Bancomer, S.A.*, 508 F.3d 785, 794 (5th Cir. 2007).

[11] *In re Air Crash Disaster*, 821 F.2d at 1164 (citing *Piper Aircraft Co.*, 454 U.S. at 255-56).

[12] *DTEX*, 508 F.3d at 794 (citing *In re Air Crash Disaster*, 821 F.2d at 1164).

[13] *In re Air Crash Disaster*, 821 F.2d at 1165.

[14] *Id.* (citing *Piper Aircraft Co.*, 454 U.S. at 255; *Syndicate 420 at Lloyd's London v. Early Am. Ins. Co.*, 796 F.2d 821, 829 (5th Cir. 1986)).

The district court also did not abuse its discretion in determining that Brazil is an adequate forum. While the O'Keefes argued that the case would take four years to resolve at the trial court level, the district court found that this was not an unacceptable level of delay, particularly in light of the fact that this case had already been pending for two-and-a-half years and was still not ready for trial. The district court also found that the inability of Brazilian courts to compel extraterritorial discovery was likely inconsequential because the accident occurred in Brazil, the corporate entities with actual involvement in this case are all Brazil-based corporations, and this litigation had repeatedly been delayed because of the inability of the parties to procure and provide discovery located in Brazil. Also, most of the witnesses located in the United States are party witnesses whose compulsion will not be required. Thus, we cannot say that the district court abused its discretion in finding that Brazil is an available and adequate alternative forum.

The O'Keefes also contend that the district court improperly weighed the public and private interest factors in its decision to dismiss the case for forum non conveniens. The relevant private interest factors are: (1) "the relative ease of access to sources of proof"; (2) the "availability of compulsory process for attendance of unwilling . . . witnesses"; (3) "the cost of obtaining attendance of willing[] witnesses"; (4) the "possibility of [a] view of [the] premises," if appropriate; and (5) any other practical factors that make trial "expeditious and inexpensive."[15] The district court found that the private interest factors weighed in favor of dismissal of the case. The parties had already experienced many difficulties in obtaining access to sources of proof located in Brazil or held by Brazilian domiciliaries. Most of the witnesses the O'Keefes listed who live in the United States are Noble employees, and Noble has consented to jurisdiction in

---

[15] *DTEX*, 508 F.3d at 794 (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).

Brazil. Also, most unwilling, non-party witnesses are likely to reside in Brazil beyond the reach of the district court. While the O'Keefes have stipulated that they will pay the costs of counsel for Noble and Schlumberger's counsel to go to Brazil to depose relevant witnesses located there, this stipulation does not outweigh the difficulties in obtaining access to sources of proof or the unavailability of compulsory process for unwilling witnesses. Therefore, the district court did not abuse its discretion in finding that the private interest factors weighed in favor of dismissal.

Although the district court found that the private interest factors weighed in favor of dismissal, it also weighed the public interest factors and found that they weighed strongly in favor of dismissal.[16] The relevant public interest factors are:

> the administrative difficulties flowing from court congestion; the local interest in having localized controversies resolved at home; the interest in having the trial . . . in a forum that is familiar with the law that must govern the action; the avoidance of unnecessary problems in conflicts of law, or in application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.[17]

The district court found that because this case was governed by Brazilian law regarding the death of an Australian citizen while working in Brazil for a Brazilian company, this case has no meaningful connection to this forum other than the headquarters of the parent companies of two involved parties. The district court did not abuse its discretion in finding that the public interest

---

[16] *See In re Air Crash Disaster*, 821 F.2d at 1164 (holding that a court is required to examine the public interest factors only if it cannot determine whether the private interest factors weigh in favor of dismissal).

[17] *Id.* at 1162-63.

factors weighed in favor of dismissal. Therefore, the district court did not abuse its discretion in granting the motion to dismiss for forum non conveniens.

## IV

Finally, the O'Keefes argue that the district court failed to impose sufficient conditions on its dismissal, as required by *Baris v. Sulpicio Lines, Inc.*[18] In *Baris*, we recognized that "courts must take measures, as part of their dismissals in forum non conveniens cases, to ensure that defendants will not attempt to evade the jurisdiction of the foreign courts."[19] Here, the district court satisfied this requirement by conditioning the dismissal "on all defendants submitting to the jurisdiction of the Brazilian court."

\*       \*       \*

Therefore, we hold that the district court did not abuse its discretion in dismissing this case for forum non conveniens, and its judgment is AFFIRMED.

---

[18] 932 F.2d 1540, 1551 (5th Cir. 1991).

[19] *Id.*