**Opinion issued June 6, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00219-CV

————————————

**SES PRODUCTS, INC., Appellant**

**V.**

**AROMA CLASSIQUE, LLC AND MICHAL R. AVRAHAM, Appellees**

---

**On Appeal from the 334th District Court**
**Harris County, Texas**
**Trial Court Case No. 2011-41750**

---

## MEMORANDUM OPINION

SES Products, Inc. brought suit against Aroma Classique, LLC and Michal R. Avraham for fraud, fraud in the inducement, and breach of a partnership agreement. Avraham and Aroma Classique moved to dismiss the suit on the grounds that a forum-selection clause and the doctrine of forum non conveniens

limited jurisdiction to Israel. The trial court granted the motion to dismiss, and SES appealed. We affirm.

## Background

Avraham—an Israeli citizen—was the sole owner and proprietor of Aroma Classique—a Texas limited liability company operating a kosher coffee bar and café in Houston—until January 2011, when SES—an Arizona company having its principal place of business in Houston and an additional place of business in Tel Aviv, Israel—contracted to purchase fifty percent of Avraham's interest in Aroma Classique. The parties executed a partnership agreement, which was drafted in Hebrew. The partnership agreement contains this forum-selection clause:

> The Parties hereby agree that since both Parties are Israeli nationals and speak Hebrew then notwithstanding the location of the Partnership and Joint Venture in the United States this Agreement shall be governed by the laws of the State of Israel and the international jurisdiction shall be in Israel, at the competent court in Tel Aviv . . . .[1]

SES filed suit against Avraham and Aroma Classique, alleging that Avraham misrepresented that she possessed all equipment, permits, licenses, and intellectual

---

[1] The parties proffered competing English-language translations of the partnership agreement. The translation of the forum-selection clause used here is the translation provided by Avraham and Aroma Classique. SES's translation differed with respect to the clause's concluding language. Whereas Avraham and Aroma Classique asserted that jurisdiction "shall be in Israel," SES asserted that jurisdiction "would be appropriate in the court of Tel Aviv." Because SES's contention on appeal is that the trial court erred in dismissing SES's suit based on the translation urged by Avraham and Aroma Classique, we need not determine which translation is correct.

2

property necessary for the operation of Aroma Classique in Houston and for the franchising of the business throughout the United States. SES asserted causes of action for fraud, fraud in the inducement, and breach of the partnership agreement.

Avraham and Aroma Classique answered the lawsuit and filed a special appearance, which their counsel later withdrew. Avraham and Aroma Classique also moved to dismiss the lawsuit based on the forum-selection clause in the partnership agreement and the common-law doctrine of forum non conveniens. They asserted that the lawsuit should be heard in Israel. The trial court granted the motion to dismiss and entered the following findings of fact and conclusions of law:

> A. The forum where [SES] filed this suit is not the proper forum for this cause of action because the parties entered a contract with a forum-selection clause opting for any dispute to be decided by Israeli law in Israel. [SES's] claims are more properly heard in a forum outside of Texas.
>
> B. An alternate forum exists in which [SES's] cause of action may be tried.
>
> C. The alternate forum offers an adequate remedy for [SES's] cause of action.
>
> D. Maintenance of [SES's] cause of action in the courts of Texas would work a substantial injustice to the moving party.
>
> E. The alternate forum is more appropriate because it provides an adequate remedy for the cause of action and can exercise jurisdiction over the defendant[s] [Avraham and Aroma Classique] properly joined to [SES's] claims.

3

F.  The claims in this suit are based upon a contract between the parties, written in Hebrew, [in] which both parties agreed that any dispute be governed by the laws of Israel and under the jurisdiction of the courts of Israel.

G. The balance of the private interests of the parties and the public interest of the state predominate in favor of [SES's] actions being brought in an alternate forum, which shall include consideration of the extent to which an injury or death resulted from acts or omissions that occurred in this state.

1.  The private interest of the parties will be furthered by this matter being brought in an alternative forum.

a. Access to sources of proof will be easier in the alternate forum.

b. The enforceability of the judgment equals or is better in the alternate forum than in Texas.

2.  The public interests of the state would be furthered by this matter being considered in an alternate forum.

a.  The administrative burden on the alternate forum is not as great as the burden on the Texas court.

b.  The alternate forum has an interest in considering this matter that the court in Texas does not have.

c.  The law of the alternate forum will control the disposition of this case.

H.  The dismissal would not result in unreasonable duplication or proliferation of litigation.

**Forum Non Conveniens**

Because it is dispositive of this appeal, we begin by determining the propriety of the dismissal of this case based on the common-law doctrine of forum non conveniens. Forum non conveniens is an equitable doctrine exercised by

4

courts to prevent the imposition of an inconvenient jurisdiction on a litigant. *Vinmar Trade Fin., Ltd. v. Util. Trailers de Mex., S.A. de C.V.,* 336 S.W.3d 664 672 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (citing *Exxon Corp. v. Choo,* 881 S.W.2d 301, 302 (Tex. 1994)). A trial court will exercise the doctrine of forum non conveniens when the trial court determines that, for the convenience of the litigants and witnesses and in the interest of justice, the action should be instituted in another forum. *Id.*; *see Quixtar Inc. v. Signature Mgmt. Team, LLC*, 315 S.W.3d 28, 33 (Tex. 2010).

The United States Supreme Court developed the framework for analyzing forum non conveniens in an international context in *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 102 S. Ct. 252 (1981). Courts must determine, first, whether an alternative forum exists. *Id.* at 254 n.22, 102 S. Ct. at 265 n.22. Courts consider the defendant's amenability to service of process and the availability of an adequate remedy in the alternative forum. *See id.*; *In re Gen. Elec. Co.*, 271 S.W.3d 681, 688 (Tex. 2008) (orig. proceeding). Only if an alternative forum exists do courts proceed to the second inquiry: which forum is best suited to the litigation. *See Piper Aircraft*, 454 U.S. at 255, 102 S. Ct. at 265. In this second step, courts consider whether the private and public interest factors set forth in *Gulf Oil Corp. v. Gilbert* weigh in favor of dismissal. 330 U.S. 501, 508−09, 67 S. Ct. 839, 843 (1947). "[T]he ultimate inquiry is where a trial will best serve the convenience of

5

the parties and the interests of justice." *Koster v. Am. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 527, 67 S. Ct. 828, 833 (1947).

The defendants—here, Avraham and Aroma Classique—bear the burden of proof on all elements of the forum non conveniens analysis and must establish that the balance of factors strongly weighs in favor of dismissal. *See Vinmar Trade Fin., Ltd.*, 336 S.W.3d at 672; *RSR Corp. v. Siegmund*, 309 S.W.3d 686, 710−11 (Tex. App.—Dallas 2010, no pet.); *see also DTEX, LLC v. BBVA Bancomer, S.A.*, 508 F.3d 785, 794 (5th Cir. 2007). The burden in opposing the plaintiff's chosen forum is heavy. *Sinochem Int'l Co., Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430, 127 S. Ct. 1184, 1191 (2007); *Gulf Oil*, 330 U.S. at 508, 67 S. Ct. at 843 ("[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."); *Quixtar*, 315 S.W.3d at 31. Nonetheless, a plaintiff's choice of forum is not dispositive. *Piper Aircraft,* 454 U.S. at 255–56 n.23, 102 S. Ct. at 252 n.23; *see DTEX,* 508 F.3d at 795.

## A. Standard of Review

A forum non conveniens determination is committed to the trial court's sound discretion. *Quixtar,* 315 S.W.3d at 31 (quoting *Piper Aircraft,* 454 U.S. at 257, 102 S. Ct. at 266). We reverse "only when there has been a clear abuse of discretion; where the court has considered all the relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision

6

deserves substantial deference." *Id.* (quoting *Piper Aircraft,* 454 U.S. at 257, 102 S. Ct. at 266). The mere fact that a trial judge may decide a discretionary matter in a different manner than an appellate judge in a similar circumstance does not demonstrate an abuse of discretion. *Id.* (quoting *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985)).

## B. Adequacy of Israel as an alternative forum

For a case to be dismissed for forum non conveniens, there must be another forum that could hear the case. *Piper Aircraft,* 454 U.S. at 254 n.22, 102 S. Ct. at 265 n.22. An alternative forum exists when it is both available and adequate. *Saqui v. Pride Cent. Am., LLC,* 595 F.3d 206, 211 (5th Cir. 2010). An alternative forum is available when the entire case and all the parties are subject to that forum's jurisdiction. *Sarieddine v. Moussa,* 820 S.W.2d 837, 841 (Tex. App.—Dallas 1991, writ denied) (quoting *Quintero v. Klaveness Ship Lines,* 914 F.2d 717, 727 (5th Cir.1990)). An alternative forum is adequate "if the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy the same benefits as they might receive in an American court." *In re Pirelli Tire, L.L.C.*, 247 S.W.3d 670, 678 (Tex. 2007) (quoting *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 671 (5th Cir. 2003)).

Regarding Israel as an alternative forum, the trial court found that the parties consented in the forum-selection clause to submit to Israel's jurisdiction, that the

7

law of Israel governs, and that the law of Israel offers an adequate remedy for SES's claims. SES does not challenge any of those findings on appeal. That is, SES does not dispute the enforceability of the forum-selection clause[2] or that Israel is an available forum under the clause. Neither does SES argue that the substantive law of Israel does not apply or that it would deprive SES of any remedy on its claims. SES complains that the trial court erred in dismissing its claims because Avraham and Aroma Classique did not satisfy their burden of showing that the private and public interest factors weigh in favor of Israel as the more convenient forum. Thus, we do not pass upon the issue of whether the trial court erred in determining that Israel was an adequate alternative forum, and we turn instead to the issue of whether the trial court acted within its sound discretion in determining that the balance of factors weighed in favor of dismissal.

## C. Private and public interest factors

In forum non conveniens dismissals, the well-known *Gulf Oil* factors direct courts to consider both public and private concerns. *Gulf Oil*, 330 U.S. at 508−09,

---

[2] While SES does not challenge the validity or enforceability of the forum-selection clause, SES does dispute the clause mandates litigation in Israel. SES contends that the forum-selection clause is permissive—not mandatory—because it does not state that jurisdiction in Israel is exclusive and therefore does not require dismissal of lawsuits filed in jurisdictions other than Israel. According to SES, the parties agreed in the forum-selection clause only to submit to proceedings in Israel despite any personal jurisdiction, venue, or forum non conveniens objections they might otherwise have. SES disputes that the parties agreed that all lawsuits *must* be filed in Israel. We do not reach the mandatory or permissive nature of the forum-selection clause because we conclude, for the reasons stated in this opinion, that dismissal was proper based on forum non conveniens.

8

67 S. Ct. at 843. Private considerations include: (1) the "relative ease of access to sources of proof"; (2) the "availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses"; (3) the "possibility of view of premises, if view would be appropriate to the action"; (4) the "enforceability of a judgment" once obtained; and (5) "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* at 508, 67 S. Ct. at 843. Public considerations include: (1) "[a]dministrative difficulties . . . for courts when litigation is piled up in congested centers instead of being handled at its origin"; (2) the burden of "jury duty . . . that ought not to be imposed upon the people of a community which has no relation to the litigation"; (3) "local interest in having localized controversies decided at home"; and (4) avoiding conflicts of law issues. *Id.* at 508−09, 67 S. Ct. at 843.

The Texas Supreme Court made clear in *Quixtar* that a court of appeals should not conduct a de novo review of the evidence by mechanically reweighing each forum non conveniens factor. 315 S.W.3d at 35; *see also O'Keefe v. Noble Drilling Corp.,* 347 Fed. Appx. 27, 30–31 (5th Cir. 2009) ("In reviewing forum non conveniens decisions, our duty is to review the lower court's decision making process and conclusion and determine if it is reasonable; our duty is not to perform a de novo analysis and make the initial determination for the district court."). The *Quixtar* court emphasized the United States Supreme Court's purposeful refusal to

9

"lay down a rigid rule to govern [a trial court's] discretion" in these cases because "[e]ach case turns on its facts." 315 S.W.3d at 34 (quoting *Piper Aircraft,* 454 U.S. at 249, 102 S. Ct. at 263). Giving any one factor too much weight loses much of the flexibility that makes the forum non conveniens doctrine so valuable. *Id.* (citing *Piper Aircraft,* 454 U.S. at 249–50, 102 S. Ct. at 263). Admittedly, the various factors weighed by the trial court "may be difficult to quantify." *Id.* at 35.

Regarding the proof required, the party seeking dismissal for forum non conveniens must provide enough information for the trial court to balance the parties' interests. *Piper Aircraft,* 454 U.S. at 258–59, 102 S. Ct. at 267 (holding sufficient affidavits describing evidentiary problems defendants would face if trial held in United States). However, the evidence need not be overly detailed. *See, e.g.*, *id.* (explaining that defendants need not "submit affidavits identifying witnesses they would call and the testimony these witnesses would provide if the trial were held in the alternative forum"); *Quixtar,* 315 S.W.3d at 35 (explaining that defendant need not provide detailed quantification of costs).

With these principles in mind, we review the record to determine whether the trial court acted within its sound discretion in determining that the balance of the factors favored dismissal. *See Quixtar*, 315 S.W.3d at 34.

SES sued Avraham and Aroma Classique for fraud, fraud in the inducement, and breach of the partnership agreement. SES contends that Avraham

10

misrepresented matters pertaining to the operation of a café in Houston, including that Aroma Classique had all necessary equipment, permits, licenses, and intellectual property rights necessary to operate its business and to franchise the business throughout the United States, and that SES invested in Aroma Classique as a result of such misrepresentations. SES further alleges that Avraham's misrepresentations constitute a breach of the parties' partnership agreement.

Avraham and Aroma Classique supported their motion to dismiss these claims for forum non conveniens with Avraham's affidavit, the partnership agreement, and a demand letter sent to Avraham by Israeli counsel for SES. Avraham and Aroma Classique provided the original Hebrew texts of the partnership agreement and demand letter and English-language translations of those documents. Avraham's affidavit contains a number of averments regarding the private interest factors: (1) Avraham is an Israeli citizen, (2) the individual owners of SES are Israeli citizens, (3) the parties intended by execution of the forum-selection clause to resolve their disputes in Israel, (4) the agreement that is the subject of the dispute and other supporting documents are drafted in Hebrew, (5) the law of Israel will govern the dispute, (6) all of the witnesses are Israeli citizens, and (7) any claims Avraham and Aroma Classique might have against SES could only be pursued in Israel. SES did not offer any evidence contradicting Avraham's affidavit.

11

Avraham's affidavit provided the trial court with minimal information with which to balance the private interest factors. First, SES's petition alleges that Avraham resides in Houston, Aroma Classique is a Texas limited liability company having its principal place of business in Houston, SES has its principal place of business in Houston, and the café the parties sought to operate jointly is located in Houston. Avraham did not dispute any of those allegations; she stated in her affidavit only that she and the individual owners of SES are Israeli citizens. She did not make any statement regarding her residence.[3] Second, Avraham did not assist the trial court in determining the access to sources of proof or the expense of securing witness testimony. She stated that all of the witnesses are Israeli citizens, but she did not indicate whether the witnesses lived in Israel and would be required to travel or whether they would require an English-language translator to testify before a Texas jury. Neither did she make any averment that other sources of proof are available only in Israel. Finally, her assertion that any claims she or Aroma Classique may have against SES can only be pursued in Israel is not supported by any underlying facts regarding what those claims might be or why they would not be available in Texas. *But see Quixtar*, 315 S.W.3d at 35 (criticizing appellate court for considering defendant's failure to raise choice of law issues as factor weighing against dismissal). On the other hand, although SES

---

[3]     We note that Avraham is described as a dual citizen of the United States and Israel in the special appearance filed and then withdrawn by Avraham.

12

did not bear the burden of proof, it did not identify any witnesses, documents, or other proof that would be unavailable if the lawsuit were to proceed in Israel.

Regarding the public interest factors, we note that there is no evidence of the trial court's case load or administrative burden and that Texas jurors certainly have some interest in resolving a dispute between companies operating in Texas. However, Avraham pointed to important facts that make Texas a less convenient, and perhaps more expensive, forum than Israel—the controlling document and other correspondence were drafted in Hebrew and the law of Israel governs the case. SES's demand letter was sent to Avraham in Hebrew by an attorney in Israel. The demand letter characterizes Avraham's relationship with Pillsbury Israel as one of the main reasons SES invested in Aroma Classique, and raises issues concerning whether Avraham misrepresented that she was "the sole representative in Texas for marketing part of the bakery products line of the Pillsbury company from Israel" and held exclusive licensing and franchising rights from Pillsbury Israel. It logically follows that litigating SES's claims in Texas necessitates the expense of translation of documents and retention of Israeli law experts. Citing federal authorities, this Court has previously noted that "'[e]ven the possibility that foreign law applies to a dispute is sufficient to warrant dismissal on forum non conveniens grounds.'" *Vinmar Trade Fin.*, 336 S.W.3d at 679 (quoting *Warter v. Boston Secs., S.A.,* 380 F. Supp. 2d 1299, 1315 (S.D. Fla. 2004), and citing *Sigalas*

13

*v. Lido Maritime, Inc.,* 776 F.2d 1512, 1519 (11th Cir. 1985) (indicating that need to untangle conflicts of law problems weighs in favor of dismissal), and *Proyectos Orchimex de Costa Rica, S.A. v. E.I. du Pont de Nemours & Co.,* 896 F. Supp. 1197, 1204 (M.D. Fla. 1995) (concluding that possibility that foreign law applies weighs strongly in favor of dismissal)). The fact that the parties consented to submit to Israel's jurisdiction also favors dismissal of SES's claims. *Cf. In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 680 (Tex. 2009) (observing that, by agreeing to forum-selection clause, parties represent that agreed forum is not so inconvenient to deprive parties of their day in court).

This record establishes that Israel is an available and adequate forum. Although Avraham and Aroma Classique's evidentiary showing under the private interest factors could have been stronger, we bear in mind that the *Gulf Oil* factors provide for a flexible inquiry, with no one factor being dispositive. Given the evidence of the public interest factors, the trial court's balancing of all the factors was reasonable. *See Quixtar*, 315 S.W.3d at 33; *Piper Aircraft,* 454 U.S. at 249–50, 102 S. Ct. at 263. We conclude that the trial court's dismissal of the case based on forum non conveniens was not an abuse of discretion.

## Conclusion

We affirm the trial court's judgment.

Harvey Brown
Justice

Panel consists of Chief Justice Radack and Justices Higley and Brown.